FUSSELL-GRAHAM-ALDERSON COMPANY *v.* FORREST CITY.

Opinion delivered October 18, 1920.

1. MUNICIPAL CORPORATIONS—OWNERSHIP OF PROPERTY.—A munici-
    pal corporation may be the owner of two classes of property;
    one class including all property essential to or convenient for
    the proper exercise of municipal functions and corporate pow-
    ers, and the other class including all property held for general
    convenience, pleasure or profit.

2. MUNICIPAL CORPORATIONS—AUTHORITY TO SELL PROPERTY.—A city
    of the second class may sell a lot with a building on it which
    had formerly been used as a city hall and for other municipal
    purposes, but which had been abandoned because, on account of
    its location and physical condition, it could no longer be used
    to advantage or with economy for such purposes.

Appeal from St. Francis Chancery Court; *A. L.
Hutchins*, Chancellor; affirmed.

*C. W. Norton*, for appellant.

The property was acquired and used for govern-
mental purposes, and no power of sale exists in the city
council, and the chancellor erred in his decree. 47 Ark.
269; 68 *Id.* 39.

*Morrow & Gatling*, for appellee.

Tested by the case in 47 Ark. 269-283, the property
here can be sold. The city council has declared it to be
of no value or convenience for the city, or its inhabitants,
and has no value for governmental purposes. 28 Cyc.
124, note 59; *Ib.*, p. 622; 19 R. C. L., par. 64, pp. 758,
760; 68 N. C. 291; L. R. A., 1915 A, p. 1106; 68 Ark. 39.

WOOD, J. The only question presented by this ap-
peal is whether or not the appellee, a city of the second
class, had authority to sell a lot with a two-story brick
building thereon, owned by it, and which for more than
twenty years had been used as a city hall and for other
municipal purposes, but which for two or three years
had been abandoned, because on account of its location
and physical condition it could no longer be used to ad-
vantage or with economy for such purposes by the ap-

pellee. In *Town of Searcy* v. *Yarnell,* 47 Ark. 269-283, we said: "A municipal corporation may be the owner of two classes of property. One class includes all property essential to, or even convenient for, the proper exercise of municipal functions and corporate power. The other class includes all property held for general convenience, pleasure or profit." See also *Fort Smith* v. *Wilson,* 100 Ark. 587, 588.

The classification of property owned by municipalities into this dual nature and the double character of the functions possessed by such corporations, one being governmental or public, and the other in a sense proprietary or private, is recognized by the authorities generally. See 28 Cyc. 124, note No. 59, and cases there cited.

In *Searcy* v. *Yarnell, supra,* we held that "a municipal corporation has power to dispose of property held for general convenience, pleasure or profit." The property in that case was a majority of stock in a railroad company. It was held by the municipality for the public in a proprietary or private sense, rather than governmental. The lot in controversy, after it ceased to be useful for the purposes of government and was abandoned by the appellee for such purposes, was held by the city in its proprietary or private character. Under section 5436 of Kirby's Digest, cities or incorporated towns "may acquire, hold and possess property, real and personal." *Fort Smith* v. *Wilson, supra.*

There is nothing in this record to show that the lot in controversy had been donated or deeded to the city to be used alone for governmental purposes. The city held the naked legal title and had for a long period devoted the property to governmental use, but had ceased to so use the property after it became unfit for the purposes of government. "Property," says Mr. McQuillin, "devoted to a public use can not be sold or leased without special statutory authority, although property which has ceased to be used, or is not used, by the public, may be sold or leased as the public welfare may demand." 3

McQuillin's Municipal Corporations, p. 1141; *Palmer* v. *Albuquerque,* L. R. A. 1915A, p. 1106.

In 19 Ruling Case Law, page 773, section 78, is this statement: "In this country, however, it is generally held that a municipal corporation has no implied power to sell property which is devoted to a public use. Such property, even if the title is in the municipality, is held in trust for the people of the State as a whole, and can not be alienated except by the express consent of the Legislature or upon the discontinuance of the public use in the manner provided by law. Property held by a municipal corporation in its private or proprietary capacity, since such property is not subject to the control of the State to any greater extent than the property of a private corporation, may be alienated without the consent of the Legislature, although in this connection the courts limit the private and proprietary powers of a municipality very closely." "Municipal corporations possess the incidental or implied right to alienate or dispose of the property, real or personal, of the corporation, of a private nature, unless restrained by charter or statute." 3 Dillon on Municipal Corporations, section 991. See, also, 28 Cyc., p. 621 D.

These declarations are well sustained by court decisions cited in notes to above texts. We conclude, therefore, that it was in the power of the appellee to sell the lot in controversy. The decree of the chancery court in so holding was in all things correct, and it is therefore affirmed.