CITY OF PARIS *v.* STREET IMPROVEMENT DISTRICT No. 2.

4-7210                                            175 S. W. 2d 199

Opinion delivered November 15, 1943.

*Hardin, Barton & Shaw,* for appellant.

*Hall & Hall,* for appellee.

McHANEY, J. Appellants are the city of Paris, Arkansas, its mayor, councilmen and recorder. On February 27, 1927, the city council adopted ordinance No. 228, which provides that the city shall pay annually out of its street fund aid to each street improvement district thereafter to be formed a sum of money "amounting to one-fifth of maturing bonds and interest for any such year." Appellee district was formed in the early part of 1928 and its commissioners issued and sold serial bonds in the sum of $143,000, maturing annually in an amount of approximately $9,000, with which they constructed four or five miles of street pavement on largely outlying streets of the city. Pursuant to said ordinance, the city paid to appellee certain sums for 1929, 1930, 1931 and 1932, and

have since refused to make any additional aid payments. From 1933 to the present time, the total annual receipts in the city street fund has varied from $2,000 to $3,000, and the appellee district has received aid from the state in the sum of $23,000 because a small portion of the streets improved were continuations of state highways within the district. The sum of $5,000 of appellee's bond maturities for 1943 are in default, and from 1944 to 1948, inclusive, there will mature bonds of appellee in the sum of $50,500 with 5 per cent. interest. There are 32 miles of streets in the city outside appellee district. At the time of the passage of said ordinance No. 228, the mayor and five of the six councilmen of the city owned property within the appellee district thereafter formed and were to this extent affected thereby. It was passed as an inducement to secure the requisite number of signatures to a petition to the council to create the district and was so used. On December 31, 1942, the city had in the street fund $3,100 and on the date of trial, April 3, 1943, it had approximately $2,000. The above facts were stipulated.

Appellee brought this action against appellants for mandamus to require them to pay over to it out of the street fund of the city the sum of $900 per year for each of the years 1939 to 1942, inclusive, or a total of $3,600, which it claimed was due it under the terms of said ordinance as a contractual obligation created thereby. Appellants answered with a general denial and certain special pleas hereinafter mentioned. Trial resulted in a judgment granting the relief prayed for $900 per year for said years of 1939-1942, inclusive, or a total of $3,600, for which the city was ordered to issue the warrants, no claim having been filed with city for the years 1933-1938, as required by said ordinance to qualify for aid. This appeal followed.

For a reversal it is first argued that there was no binding contract between the city and appellee, because, at the time the ordinance was passed, appellee was not in existence, and there was, therefore, no mutuality of obligation. We cannot agree. By the passage of said ordinance the city offered aid to all street improvement

districts thereafter created by it, and appellee was created and became the first and only beneficiary of the offer. The city later confirmed the offer by making payments pursuant thereto for four years.

It is next said that the ordinance is vague as to its terms, both as to the amounts payable and as to beneficiaries. This point is not well taken, as it appears quite definite that the offer was to pay 1/5 of the "maturing bonds and interest" for each year, to "any and all street improvement districts which may be hereafter formed." There is nothing vague about that.

Another contention is that the ordinance is void because violative of § 5 of art. 12 of the Constitution of 1874, which provides: "No county, city, town . . . shall . . . . obtain or appropriate money for, or loan its credit to any corporation, association, institution, or individual." It is argued that the appropriation of money to appellee is a gift and violates said provision; also that the ordinance constitutes a lending of credit to appellee to induce signers on the petition to form the district. We think a street improvement district is not a company, association or corporation within the meaning of § 5, art. 12 of the Constitution. A street improvement district is not a private enterprise, or a business corporation or association, but it is rather the municipality acting through an agency of its own creation. The city of Paris had the power to construct the improvements on the streets in appellee district without resort to the improvement district system, but, instead of doing so, it elected to create the district, with power to assess adjacent property for benefits accruing thereto, and to donate from its street funds annually city-wide aid. The city as a whole was benefited by the improvement. Such a practice is not new or novel and does not violate said provision of the Constitution. *McDonald* v. *Imp. Dist. No. 145, Little Rock,* 97 Ark. 334, 133 S. W. 1126, cited and re-approved in *Bank of Commerce* v. *Huddleston,* 172 Ark. 999, 291 S. W. 422, 50 A. L. R. 1202.

Another attack on the validity of the ordinance is based on the fact that the mayor and some of the council-

men were property owners within appellee district and, were directly interested and affected by the ordinance. This fact did not disqualify them to join in the action of the council in passing the ordinance in question, as no district had been formed at that time, and that it did not disqualify them to join in the action of the council in passing the ordinance creating the district was specifically held in *Lewis* v. *Forrest City Special Imp. Dist.,* 156 Ark. 356, 246 S. W. 867.

Finally it is argued that the ordinance is void as being in violation of § 11, art. 16 of the Constitution, prohibiting the use of a tax levied for one purpose to another or different purpose. The street fund of the city arises from a number of sources and constitutes a fund to be used in the construction and repair of streets in the city. The ordinance simply provides aid in the construction of streets in appellee district, which is not a diversion of tax funds levied for one purpose to another purpose. If the city does not wish to be bound to contribute to future street improvement districts, as provided in said ordinance, the council may repeal it at any time. Whether it may repeal same and relieve itself of future payments in appellee district we do not now decide.

We find no error, and the judgment is accordingly affirmed.