CITY OF PARIS *v.* STREET IMPROVEMENT DISTRICT No. 2, OF PARIS.

4-7807                                   191 S. W. 2d 968

Opinion delivered January 28, 1946.

684

*Luke Arnett* and *Donald McKenzie,* for appellant.

*Geo. A. Hall,* for appellee.

SMITH, J.   This is the second suit brought by Street Improvement District No. 2 of the City of Paris, Arkansas, against that city, to enforce performance of the provisions of Ordinance No. 228, passed by the Council of that municipality.   The first suit reached this court, and the history of the ordinance is recited in the opinion in the case of *City of Paris* v. *Street Improvement District No. 2,* 206 Ark. 926, 175 S. W. 2d 199.   The purpose of both suits was to compel the payment of money to the Improvement District promised by the ordinance, the history of which, as recited in the former opinion, may be summarized as follows.   To encourage the formation of improvement districts for the purpose of improving the streets of the city it was provided in Ordinance No. 228 that the city would pay annually out of its street fund a sum of money amounting to one-fifth of the maturing bonds and interest thereon for each year until the indebtedness of the district incurred in the construction of the

street improvement had been paid. After making certain payments the city made default in others, and a petition for mandamus was filed requiring the city to perform this obligation.

The Circuit Court granted the relief prayed, and ordered the city to pay, and that order was affirmed in the case above cited, and those payments were made. Subsequently the city made default in payments maturing under the ordinance for the years 1943 and 1944, and a second suit was filed to compel their payment. That relief was again granted, and from that order and judgment of the Circuit Court is this appeal.

The testimony shows that at the end of both the years 1943 and 1944 there were in the city treasury only a few dollars to the credit of the street fund. But the testimony shows also that for the year 1943 collections for the benefit of this fund amounted to $2,763.83, and for the year 1944 collections for this fund were $2,548.65. This money was apparently all expended in payment of contractual obligations, and it was not shown that any of it had been paid in satisfaction of statutory claims. There was, therefore, sufficient money to the credit of the street fund to have paid these obligations in the years in which, under the ordinance, they were payable.

Here, there is no question as to the validity or amount of the District's demand against the city, and payment of the demand is resisted upon the ground only that to pay it would violate Amendment No. 10 of the Constitution, which prohibits the cities, towns and counties of the State from incurring, in any one year, any obligation for that year in excess of the revenues of that year from which it could be paid.

The case is somewhat similar, on the facts, to the recent case of *Manhattan Rubber Co.* v. *Bird, Mayor,* 208 Ark. 167, 185 S. W. 2d 268, 159 A. L. R. 1257. There, a valid contractual obligation of the city was not paid because the revenues of the city had been used in the payment of other contractual obligations. The city

sought to excuse its default by saying that its revenues had been used and would be required in the repair of its sewers. We held that this did not excuse the city's default and in so doing said: "The city should not use its revenues for the repair of the sewers, when, to do so, would defeat its ability to pay the administrative expenses of the city government, whether statutory or contractual. The claim here involved is contractual, and not statutory, and should be paid as such, subordinated only to statutory claims against the city, which should first be paid. *Miller County* v. *Beasley,* 203 Ark. 370, 156 S. W. 2d 791.''

In other words, demands arising from the performance of statutory requirements shall first be paid, after which demands arising out of contracts shall next be paid, and these in the order of their priority or the time the obligation became payable and demand of payment made.

The demand here in question is contractual and, therefore, subordinate to any statutory liability; but if there are no such demands—and none is shown—the contractual liability should be paid when the money is available for that purpose, and the city should not continue to defeat or postpone payment by expending its revenues in payment of subordinate contractual obligations. To this end the court below ordered that revenues collected for the benefit of the street improvement fund be impounded until a sufficient fund had been accumulated to pay the District's demand, and it was ordered that a proper warrant or voucher be drawn for that purpose and delivered to the improvement district.

It was shown at the trial from which is this appeal that the city collected each year for the benefit of its street improvement fund a sum in excess of the amount which would have sufficed to discharge the obligation of the city under Ordinance No. 228, if the city had not disbursed these funds in payment of other current and subsequent obligations. It was shown that on account of such disbursements the city did not have on hand the

funds to pay the delinquent installments which Ordinance No. 228 had obligated the city to pay.

It is argued, therefore, that mandamus should not issue for the reason that the record shows that neither at the end of the year 1943 nor the year 1944 were there funds available for the payment of the District's demand. If this argument is sound the city need never pay this demand. Its payment may be continuously postponed and entirely defeated by expending those funds for other purposes. But this is not the law, for, as we have said, contractual demands must be paid in the order of their priority, and the judgment of the court from which is this appeal requires that this be done, and to that end it was ordered that this fund be impounded and disbursed in that manner, and that the District's demand be paid in its turn, that is, in the order of its priority.

The judgment of the court below conforms to these views, and it is, therefore, affirmed.

GRIFFIN SMITH, C. J., concurs.