**19056.** CITY COUNCIL OF AUGUSTA *et al. v.* NEWSOME *et al.*

MOBLEY, Justice. 1. "The state or a political subdivision may dedicate lands owned by it to a particular public use." 16 Am. Jur. 356, § 13; *City of Abbeville* v. *Jay,* 205 *Ga.* 743, 746 (55 S. E. 2d 129); Code § 69-602. "When a dedication is made by a town or city, it enures to the benefit of all who are at the time, or may afterwards become citizens of the corporation." *Mayor &c. of Macon* v. *Franklin,* 12 *Ga.* 239 (6). "If the owner of lands, either expressly or by his acts, shall dedicate the same to public use, and the same shall be so used for such a length of time that the public accommodation or private rights might be materially affected by an interruption of the enjoyment, he may not afterwards appropriate it to private purposes." Code § 85-410. "As a general rule, a municipality has no power to convey or sell land dedicated as a public park, square, or common." 39 Am. Jur. 829, § 34. See *Kirkland* v. *Johnson,* 209 *Ga.* 824 (76 S. E. 2d 396); *Norton* v. *City of Gainesville,* 211 *Ga.* 387 (86 S. E. 2d 234), and cases cited.

2. Where under the pleadings and the evidence before the judge upon an interlocutory hearing on a petition to enjoin the City of Augusta from selling a portion of a public park known as Allen Park, it was undisputed that the City of Augusta acquired the fee-simple title to said property by warranty deed executed July 12, 1859, and it has for more than 40 years prior to the filing of the petition been dedicated by the city to public use as a public park and playground for the use of citizens of the City of Augusta, and that the said use has been continuous, uninterrupted, and undisturbed since its dedication to the public use, and that the use of said property for park purposes has never been abandoned by the public, and the only purported abandonment of said property was by resolution of the Mayor and Council of the City of Augusta, adopted after the filing of the petition before the court, in which it was provided that said property is hereby abandoned as a park and shall no longer be used for park purposes and shall be sold to Sears, Roebuck & Company (for private purposes) and that the entire purchase price be earmarked for development of recreational facilities in the City of Augusta except such portion of said purchase price as may be necessary to replace the fire-engine house included within said area—the trial judge did not err in holding that said land had been dedicated by the city to the public for public use as a park and was being used by the public for the purpose for which it was dedicated, that there had been no abandonment of the use by the public, and that it could not for said reasons be abandoned by the city, and in enjoining the city from disposing of said property. There was no exception to that part of the court's order permitting the city to use and dispose of that part of said property occupied and used by the city as a fire station.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*

ARGUED SEPTEMBER 12, 1955—DECIDED OCTOBER 13, 1955.

*Fulcher, Fulcher & Hagler,* for plaintiffs in error.

R. *William Barton, Nicholson, Fleming & Barton, B. H. Barton, George Hains, Solicitor-General,* contra.