19474. HARPER *et al. v.* CITY COUNCIL OF AUGUSTA *et al.*

ARGUED SEPTEMBER 11, 1956—DECIDED OCTOBER 8, 1956.

*B. H. Barton, George Hains, Solicitor-General,* for plaintiff in error.

*E. D. Fulcher, Fulcher, Fulcher & Hagler,* contra.

MOBLEY, Justice. 1. The demurrer to the amendment, to the effect that there has been a final adjudication in this case and that the question thereby presented is res judicata, is without merit. In *City Council of Augusta* v. *Newsome*, 211 *Ga.* 899 (89 S. E. 2d 485), this court held that it was not error to temporarily enjoin the city from disposing of property which admittedly had been dedicated to the public for use as a park, because there had not been an abandonment of the use by the public. The city at that time had no legislative authority to dispose of the property, and, consequently, the question presented by the defendants' amendment was not before the trial court or this court. While the previous judgment of the trial court, rendered on the interlocutory hearing and affirmed by this court, was a final adjudication as to the issues then existing (*City of Atlanta* v. *First Methodist Church*, 83 *Ga.* 448, 10 S. E. 231; *Ingram* v. *Trustees of Mercer University*, 102 *Ga.* 226, 29 S. E. 273; *Murphey* v. *Harker*, 115 *Ga.* 77, 91, 41 S. E. 585; *Sumner* v. *Sumner*, 121 *Ga.* 1, 10, 48 S. E. 727), it was not final as to the grant or refusal of a permanent injunction, or as to the continuance of a temporary injunction, where the issues governing such relief have materially changed, as shown by the defendants' amendment. Before the final judgment, exceptions to which we now consider, new issues were raised on which there has been no adjudication. *Marietta Chair Co.* v. *Henderson*, 121 *Ga.* 399 (49 S. E. 312, 104 Am. St. R. 156, 2 Ann. Cas. 83), is very similar on its facts to the present case. There, a decree was entered enjoining the obstruction of a street in the City of Marietta, from which no appeal was taken. Thereafter the offending party was held in contempt for failure to remove the obstruction as previously ordered. This court affirmed that order. After this judgment was affirmed, a petition was presented showing that the General Assembly had, subsequently to the decree, passed an act ratifying the action of the city and authorizing the closing of the street. This court stated as follows (headnote 6): "Where a decree based on a consent verdict is entered, requiring the removal of an obstruction in a public street, and subsequently a state of facts arises which renders the maintenance of the obstruction lawful and proper, a petition praying for the granting of an order declaring that the decree is no longer binding should be granted."

2. "A constitutional attack upon an act or statute, which does not allege specifically how or wherein the act or statute violates the designated provision of the Constitution, is insufficient to present any question for review." *Persons* v. *Lea*, 207 *Ga.* 384 (2) (61 S. E. 2d 832), and cases cited. Applying the foregoing principle of law, which has been uniformly adhered to by this court, the demurrer which attacks Ga. L. 1956, p. 22, and Ga. L. 1956, p. 2406, as being violative of article 1, section 3, paragraph 2 of the Constitution of Georgia (Code, Ann., § 2-302), and article 1, section 10, paragraph 1 of the Constitution of the United States (Code § 1-134), but which does not allege how or wherein these constitutional provisions are violated by said acts, does not present any question for judicial determination.

3. The third ground of demurrer complains that this court, in *City Council of Augusta* v. *Newsome*, 211 *Ga.* 899, supra, held that only where the public had abandoned property held for public use would the city have power to sell or dispose of it, and the petition as amended fails to allege an abandonment of the property here involved. As stated in division 1 of this opinion, the question decided in the previous decision in this case was that, under the facts then existing, the trial court did not err in temporarily enjoining the city from disposing of a part of the park where there had been no abandonment of its use by the public. There was no showing then made that the city had legislative authority to dispose of the park. The General Assembly has now authorized the disposal of the park property (Ga. L. 1956, p. 22; Ga. L. 1956, p. 2406), and the city, in compliance with said statutes, has offered the property for sale—leaving for decision only the question whether such a sale is authorized where specific legislative authority therefor exists.

"As a general rule, property held by a municipality for governmental or public uses can not be sold without express legislative authority, but must be devoted to the use and purpose for which it was intended." *Kirkland* v. *Johnson*, 209 *Ga.* 824 (1) (76 S. E. 2d 396). "The weight of authority is that a municipal park is a public utility, and a portion thereof cannot be leased for a term of years for private gain. 10 McQuillin on Municipal Corp. (3rd ed.) § 28.53. There appears from the authorities to be a clear distinction between property purchased by a municipal

corporation and held for use by it as an entity, or in its proprietary capacity, and property purchased by the city for the public use and benefit of its citizens. The title and power of disposition of property acquired for strictly corporate purposes and held in its proprietary capacity, are different from its title to property acquired for and dedicated to the public use of its inhabitants. As to the former, the power to dispose is unquestioned, but as to the latter, in the absence of express legislative authority, it is only where the public use has been abandoned or the property has become unsuitable or inadequate for the purpose to which it was dedicated that the city has power to dispose of such property. 3 Dillon on Municipal Corp. (5th ed.) § 1102; Tiedeman on Municipal Corp., § 208. See also *Kirkland* v. *Johnson,* 209 *Ga.* 824 (76 S. E. 2d 396)." *Norton* v. *City of Gainesville,* 211 *Ga.* 387, 390 (86 S. E. 2d 234). "Legislative power to authorize the discontinuance of public parks and the sale of park lands cannot be questioned where the fee is in the city and when in so doing no private property is taken." 10 McQuillin, Municipal Corporations (3d ed.) 83, § 28.38, and cases cited. "In the absence of constitutional restrictions, the lawmaking power of a State may vacate a street in a municipality. The power to vacate may be delegated to the municipal corporation." *Marietta Chair Co.* v. *Henderson,* 121 *Ga.* 399 (1, 2). The *Marietta Chair Co.* case was followed by the unanimous decision in *Harbuck* v. *Richland Box Co.,* 207 *Ga.* 537 (63 S. E. 2d 333). In like manner, the General Assembly may vacate and dispose of a park, owned by a municipality, which has been dedicated to a public use, or authority to do so may be delegated to the municipality, in the absence of constitutional prohibitions.

Applying the foregoing principles, where the City Council of Augusta owned the fee-simple title to a tract of land which had been dedicated to and used by the public as a park, and where the General Assembly has expressly conferred upon the city authority to sell and dispose of said property upon conditions with which the city has complied, the trial court did not err in dissolving the previous temporary restraining order and in holding that the city was authorized to make the said sale.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*