## Ackerman v. City of Williamsport

*Thomas Quinn,* for plaintiff.

*Charles Bidelspacher, Jr.,* for defendant.

WILLIAMS, P. J., April 29, 1957.—Two Williamsport paid firemen have brought this mandamus action against the City of Williamsport and its council. They ask the court to command the Williamsport City Council to place all pension funds established for the benefit of the firemen under the direction and control of a board of managers according to the Act of June 28, 1947, P. L. 1032, as amended.

Section 1 of this Act of June 28, 1947, reads, inter alia, as follows, 53 PS §39320:

"Firemen's Pension Fund; Management; Annuity Contracts. — Except as hereinafter provided, cities shall provide annuity contracts or establish, by ordinance, a firemen's pension fund, to be maintained in part by an equal and proportionate monthly charge against each member of the fire department, which shall not exceed annually three per centum of the pay of such member; in any case where there is an existing organization or association for the benefit of fully

paid firemen, constituting and having in charge the distribution of firemen's pension funds, no annuity contract shall be provided, nor shall any firemen's pension funds be established under the provisions of this section unless and until the members of such organization or association, by a two-thirds vote, elects to transfer said existing fund into the pension fund required to be established by this section.

"All pension funds established under the provisions of this section shall be under the direction and control of a board of managers consisting of the mayor, the director of accounts and finance, the director of the department having charge of the fire department, or in cities where the mayor is also the director of the department having charge of the fire department, then the director of public safety, the city controller and the chief of the bureau of fire, ex officio, and two members of the fire department to be chosen by the members of the fire department. Of the first managers so chosen by the members of the fire department one shall be chosen for a term of two years and one for a term of four years. Biennially thereafter one manager shall be chosen for a third term of four years to take the place of the one whose term expires. In case of vacancy among the managers chosen by the fire department, a successor shall be chosen for the unexpired term. The fund shall be applied, under such regulations as the board of managers shall prescribe, for the benefit of such members of the fire department as shall receive honorable discharge therefrom by reason of service and age or disability and the families, of such as may be killed in the service. All such pensions as shall be allowed to those who are retired by reason of the disabilities or of service and age shall be in conformity with a uniform scale. Benefits allowed from such fund to families of such as are killed is service shall take into consideration the member's widow and

his minor children under eighteen years of age, if any survive."

This section of the Act of June 28, 1947, was an amendment of section 4320 of The Third Class City Law of June 23, 1931, P. L. 932, which reads in part as follows:

"Cities may establish, by ordinance, a firemen's pension fund, to be maintained by an equal and proportionate monthly charge against each member of the fire department, . . . which fund shall be under the direction of council or committed to the direction of such officers of the city as may be designated by council, and applied, under such regulations as council may, by ordinance, prescribe. . . ."

It is to be noted that under the 1931 Act it was permissive for cities to establish a firemen's pension fund for paid firemen, while under the Act of 1947, it was incumbent for such a fund to be established.

Williamsport established a firemen's pension fund on February 26, 1946, under the authority given by the 1931 Act. The ordinance establishing the fund provided that it be administered by city council.

City council continues to manage this pension fund and refuses to place the funds in the direction and control of a board of managers as directed by the 1947 Act.

It gives as its reason for such refusal that when the 1947 Act and its amendments became law, the city already had an existing organization or association for the benefit of the fully paid firemen and that it was therefore relieved of the requirement of the 1947 Act as to a board of managers upon which board the firemen would have representation.

We are of the opinion that the legislature intended by its 1947 Act that the firemen's pension fund be controlled by a board of managers upon which firemen

would be represented, even though a pension fund was established by the city under the 1931 law, and was in existence when the 1931 law was amended. The firemen contribute to the fund and certainly the legislature, when it made mandatory the establishment of such funds, intended the firemen to take some part in the investment and direction. Besides, on such a board of managers as the 1947 statute directs, there will be four elective officials and only three firemen, appointed officials.

Section 1 of the Act of 1947, supra, reads: "*All pension funds established under the provisions of this section* shall be under the direction and *control of a board of managers . . .*", etc. (new part of act in italics.) This is an amendment of section 4320 of the Act of 1931, supra. Whenever a section or part of a law is amended, the amendment shall be construed as merging into the original law, and replaces the part amended: Statutory Construction Act of May 28, 1937, P. L. 1019, article V, sec. 73, 46 PS §573. It will be construed as if the amendment had been a part of the original statute: American Brake Shoe Co. v. District Lodge 9, Internal Assn. of Machinists, 373 Pa. 164. This mandatory provision of the 1947 Act takes precedence over other parts of the section. The statute must be construed as though the mandatory provisions as to the board of managers were in the original 1931 Act.

The city's argument is based on the following part of the 1947 Act, supra:

". . . in any case where there is an existing organization or association for the benefit of fully paid firemen, constituting and having in charge the distribution of firemen's pension funds, no annuity contract shall be provided, nor shall any firemen's pension funds be established under the provisions of this section unless and until the members of such organization or

association, by a two-thirds vote, elects to transfer said existing fund into the pension fund required to be established by this section."

We are of the opinion that when the legislature referred to an "organization or association" it was not referring to a city, or the type of city management of firemen's pension funds as existed in Williamsport. Many courts in interpreting different statutes have refused to hold a municipality, a State or their agencies to be an association or an organization. It has been held that a firemen's pension fund is an agency of the municipality and not an association: Firemen's Pension Fund, etc., v. Minnaugh, etc., 80 D. & C. 297. It was held that a State should not be considered an association: Farm Bureau Automobile Ins. Co. v. Manson, 94 N. H. 389, 54 A. 2d 580. In State ex rel. Austin v. City of Mobile, 248 Ala. 467, 28 So. 2d 177, it was held that the Department of Docks and Terminals of the State of Alabama was not an association. See also City of Paris v. Street Improvement Dist. No. 2 of Paris, 206 Ark. 926, 175 S. W. 2d 199.

## Order

And now, this April 29, 1957, judgment is entered against defendants, City of Williamsport, Thomas H. Levering, Mayor, W. Dale Sholder, Chester D. Wolfe and Walter J. Bubb, councilmen of the City of Williamsport, commanding them to place all pension funds established by the Act of June 23, 1931, P. L. 932, as amended, under the direction and control of a board of managers consisting of the mayor, the director of accounts and finance, the director of the fire department having charge of the fire department, the city controller and the chief of the bureau of fire and two members of the fire department chosen by the members of the fire department.