## 40803. SILVER v. CITY OF ROSSVILLE.
### (315 SE2d 898)

MARSHALL, Presiding Justice.

This is a suit by Elbert Silver against the City of Rossville for specific performance of an option to purchase real estate, or, in the alternative, for damages in the amount of $250,000 (which is the real estate's alleged current value). More specifically, these are the facts:

On February 2, 1962, the city leased Silver the subject parcel of real estate for a rental of $1 per year, and Silver was given an option, which could be exercised before February 1, 1982, to purchase the property for $7,500. This was done pursuant to an ordinance enacted by the city. The city had purchased the property for waste disposal and sewage treatment purposes, but the property did not need to be

used for these purposes. Therefore, the property was leased and optioned to the plaintiff to be used exclusively for manufacturing and/or commercial purposes. However, Silver retired in 1974, and, although he subsequently subleased the property to a business, the property has been vacant since 1979. Although ad valorem taxes have been paid on improvements constructed on the property by Silver, the land itself has not been taxed. At the time Silver was granted the lease/option, the property was essentially swamp land. Silver attempted to exercise the option in January of 1982 by tendering a cashier's check to the city, but the tender was refused. Institution of this suit followed after the giving of ante litem notice.

Citing OCGA § 36-30-3 and *Aven v. Steiner Cancer Hospital,* 189 Ga. 126 (5 SE2d 356) (1939), the superior court granted the city's motion for summary judgment. Section 36-30-3 provides that, "One council may not, by an ordinance, bind itself or its successors so as to prevent free legislation in matters of municipal government." *Aven* held that a lease of land owned by a city, for a term of 35 years, for a rental or consideration to the city in the form of medical treatment to be furnished to the poor by the lessee, would have the effect of preventing free legislation in a matter of municipal government, and for this reason would be void.

In this appeal by Silver, he argues that so long as the city was acting in good faith and without fraud or corruption, it had the power to dispose of this property after the property was no longer needed for the purpose for which it was purchased. As authority, Silver cites OCGA § 36-30-2 and *Kirkland v. Johnson,* 209 Ga. 824 (76 SE2d 396) (1953). Section 36-30-2 provides that, "The council or other governing body of a municipal corporation has discretion in the management and disposition of its property. Where such discretion is exercised in good faith, equity will not interfere therewith." In *Kirkland,* the court, in partial reliance on the foregoing statutory provision, ruled that where property held by a municipality for governmental or public use is abandoned as to such use, the municipality may sell it without express legislative approval.

In response, the city makes various arguments. First, it argues that, as held by the trial court, the lease/option granted to Silver is null and void under § 36-30-3 in that it prevents free legislation in matters of municipal government. Alternatively, the city argues that there has been a failure of consideration for the lease/option through Silver's failure to maintain commercial activity on the property. Finally, the city argues that to sell the property to Silver at a fraction of its worth would violate the procedure for a municipality's sale of real estate set out in OCGA § 36-37-6 (Ga. L. 1976, p. 350 et seq., as amended).

We hold as follows:

1. We agree with Silver that the city's grant of the lease/option to him was authorized under § 36-30-2 and the principles enunciated in *Kirkland v. Johnson,* supra. Cf. *Norton v. City of Gainesville,* 211 Ga. 387 (86 SE2d 234) (1955).

2. Whether *Aven v. Steiner Cancer Hospital,* supra, continues to be good law would appear to be quite problematic. See *Hancock County v. Williams,* 230 Ga. 723 (198 SE2d 659) (1973); *Jonesboro Athletic Assn. v. Dickson,* 227 Ga. 513 (181 SE2d 852) (1971); Sentell, "Binding Contracts in Georgia Local Government Law: Recent Perspectives," 11 Ga. State Bar Journal 148 (1975). In any event, we find *Aven* to be distinguishable from the facts of the present case, on the ground that in *Aven* the municipality had bargained away its municipal-charter function of providing medical care to the poor.

3. We hold that § 36-37-6, which was enacted in 1976, has no application to the exercise of an option to purchase real estate which was granted prior to the statute's enactment. See OCGA § 1-3-5; *Bank of Norman Park v. Colquitt County,* 169 Ga. 534 (150 SE 841) (1929).

4. However, we further hold that the lease/option, and the ordinance pursuant to which it was granted, require as consideration therefor that Silver devote the property exclusively to manufacturing and/or commercial purposes. There does thus remain a material issue of fact on the question of whether there has been a failure of consideration.

5. In addition, adequacy of consideration is one among a panoply of issues to be determined in deciding whether to grant specific performance of a contract. See 27 EGL 13-17, Specific Performance, §§ 12-15 (1974). Here, the city argues, among other things, that specific performance should be denied because of inadequacy of price. Silver's response is that the fact that the market value of the property is so much greater than the exercise price of the option is the result of improvements he has constructed on the property, and it, therefore, presents no impediment to the grant of specific performance. These, too, are issues of fact to be decided.

*Judgment reversed. All the Justices concur, except Clarke, J., who concurs specially, and Weltner, J., who dissents.*

DECIDED MAY 22, 1984.

*Fletcher & Womack, Norman S. Fletcher,* for appellant.
*Frank M. Gleason, John W. Davis, Jr.,* for appellee.

CLARKE, Justice, concurring specially.
I concur in the judgment of the majority. I do not believe the transaction here involves one city council binding a later one or inter-

fering with free legislation in matters of municipal government. As pointed out in the majority opinion, the governing authority had the right to dispose of the real estate under the provisions of OCGA § 36-30-2. It could do this by a transaction which effected an immediate conveyance of title and I see no reason why the governing authority could not also accomplish this end by a transaction under which something less than a fee simple title is conveyed immediately and the remaining fee conveyed at a later time. This is what happened in this case and really amounts to a present sale of a future interest. I do not believe this is proscribed by the law of this state.

WELTNER, Justice, dissenting.

I dissent, because I believe the record establishes as a matter of law that the consideration to the city was grossly inadequate.