The Honorable Steve Bell State Senator P.O. Box 4282 Batesville, Arkansas 72503
Dear Senator Bell:
This is in response to your request for an opinion, on behalf of the City of Newport, concerning whether that city can lawfully make a donation of funds to either a private fund or foundation for the benefit of Arkansas State University, Beebe Branch/Newport Campus, or directly to the same university.
Specifically, you note that a private corporation has in the past donated $50,000 to the City of Newport, and the money has not yet been put to any use. Your question is whether there are any statutory or constitutional prohibitions against a city donating funds to a private trust for the benefit of a college, or making such a donation directly to the college itself.
For the reasons that follow, it is my opinion that a donation to a private trust or private foundation for the benefit of a college would, in all likelihood, be constitutionally suspect (see, e.g., Op. Att'y. Gen. 91-082, a copy of which is enclosed). The question of whether a municipal corporation may donate funds directly to a state university is unclear under Arkansas law. It appears that a city may need specific statutory authorization to make such a donation, and a question may linger as to whether such authorization can be granted in light of Arkansas Constitution, art. 12, 5. It is my best judgment, however, that such a donation, with specific statutory authority, would survive an art. 12, 5 challenge.
The funds donated to the city, in my opinion, are city funds. Their character as donated funds does not exempt their expenditure from statutory and constitutional restrictions applicable to the expenditure of public funds. An "appropriation" of such funds would nonetheless have to be made for purposes of art. 12, 5. This constitutional provision states that:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
The express language of this section does not make a distinction between private and public "institutions." Additionally, the Arkansas Supreme Court, unlike other state courts (see Rettig v. Board of County Commissioners of Butler County, 425 Pa. 274,228 A.2d 747 (1967)), has never addressed whether this language applies only to private entities. The title of this section is "Political Subdivisions not to become stockholders in or lend credit to private corporations." (Emphasis added.) This title, however, did not appear in the constitution as drafted, but was added by the publishers. It is thus doubtful that it can be used as evidence in construing the intent of the section. Cf. Forby v. Fulk, 214 Ark. 175, 214 S.W.2d 920 (1948). Our Supreme Court has, however, in holding that a municipal donation to a street improvement district was not unlawful under this provision, stated as follows:
 We think a street improvement district is not a company, association or corporation within the meaning of 5, art. 12 of the Constitution. A street improvement district is not a private enterprise, or a business corporation or association, but it is rather the municipality acting through an agency of it own creation.
[Emphasis added.]
City of Paris v. Street Imp. District No. 2, 206 Ark. 926,175 S.W.2d 199 (1943).
The court in City of Paris, however, seemed to place emphasis on the fact that the improvement district was a creation of the city itself, which is not the case with a direct donation of municipal funds to a state university. It also noted that the city as a whole would be benefited by the donation, and that the city had the power to make the improvements on its own, but chose instead to elect to create an improvement district to do so.[1]
As discussed above, our Supreme Court has never addressed the question of whether a city would be prohibited, under art. 12, 5, from donating funds to a public state institution. See again Opinion 91-082. It is my opinion, however, based upon the holding of such cases as City of Paris, supra, that our Supreme Court would confine the restrictions of art. 12, 5 to private entities, and would not interpret this section as prohibiting donations to public entities under proper circumstances. Even if art. 12, 5 does not stand as a prohibition, however, a statute expressly conferring authority for such donation may still be required to render the donation "legal."
It has been stated as a general matter that a city or county has constitutional power to donate money for public purposes in instances where the General Assembly has designated the activities to be benefited. Kerr v. East Central Ark. Regional Housing Authority, 208 Ark. 625, 187 S.W.2d 189 (1945), citing Hogue v. Housing Authority of North Little Rock, 201 Ark. 263,144 S.W.2d 49 (1940). The court in Kerr, however, in making this statement, cited cases which have recently been called into question, and also noted that the court was faced with a question of a public purpose which was intra-city or intra-county, and not with the question of whether a municipal corporation could donate funds for a "broader activity" whose operation is regional in scope. In any event, in both Kerr and Hogue, statutes authorized the particular expenditure of the municipal funds in question.
Another relevant case is Shofner v. Dowell, 168 Ark. 229,269 S.W. 588 (1925), where Washington County appropriated tax monies to improve streets surrounding the University of Arkansas. The plaintiffs insisted that the appropriation was invalid as appropriating county funds for a state purpose. Although the court noted that the expenditure was made because the State refused to bear the cost, it found the expenditure lawful because the streets to be repaired were a part of the county's highway system, and therefore the county had ample authority to improve them, despite the belief that the State should have borne the expense. Again, however, the county had separate authority to improve its own roads.
It therefore appears that the proposed donation will be upheld where a statute authorizes it (so long as it is constitutional, as in Kerr), or where the donation is made to a public entity to support a project which the city or county is independently invested with authority to undertake (as in City of Paris). Neither of these factors exists in the question you pose. It may therefore be concluded that where the donation would be for a purpose which might not strictly be a "municipal affair" (see A.C.A. 14-43-601), that is, it does not involve the repairing of city streets, etc., statutory authorization is required.
This conclusion is consistent with a compilation of the sparse law on the topic in other states, as set forth in 64 C.J.S. Municipal Corporations 1840, as follows:
 Since the establishment and maintenance of schools are a municipal purpose, an appropriation of funds for the support of schools is for a municipal purpose. When authorized by statute municipal funds may be appropriated to a textile school, a manual training school, a reform school, or a free library. However, in pledging its revenues for school purposes, a municipality must keep within the authority conferred by charter or statute. . . . Donations by a municipality to a state normal college are upheld when authorized by a valid statute; but not otherwise.[2]
84 C.J.S. Municipal Corporations 1840 at 344.
Any statute passed in this regard would be entitled to a presumption of constitutionality. Urrey Ceramic Tile Company v. Mosley, 304 Ark. 711, 805 S.W.2d 54 (1991).
It is therefore my opinion that a donation of the funds in question to a private fund or foundation for the benefit of the University may be constitutionally suspect under Arkansas Constitution, art. 12, 5. A similar prohibition, however, in all likelihood would not attend a direct donation to the public entity itself. Even so, express statutory authorization of such a donation may be required.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] It should be noted at this juncture that cities of the first class (except those with the commission form of government) have express statutory authority to create a special improvement district under the provisions of A.C.A. 6-71-101—142 (1987), to construct and maintain a college or university, or to negotiate and contract with and grant inducements to any other college or university now in existence for the removal of the college or university to that district. A.C.A. 6-71-141. Such improvement districts have the authority to receive gifts, donations, and bonuses for the purpose of carrying out the chapter. As we have seen, there is no constitutional impediment to a city donating funds to an improvement district.
[2] It should be noted that municipal corporations are authorized by statute to donate funds to local school districts. A.C.A. 14-58-501—503.