The Honorable Randy Minton State Representative 880 Minton Road Ward, Arkansas 72176-8618
Dear Representative Minton:
I am writing in response to your request for an opinion on three questions "as they relate to Arkansas Code 14-234-108." You report the following facts:
 The City of Cabot is considering a long term water users contract with Community Water Service of Greers Ferry, Arkansas. Community Water Service is a 501 C 12 not-for-profit rural water provider.
Against this backdrop, you have posed the following questions:
 1. What length of contract can the City of Cabot sign with Community Water Service? This contract will be used as part of the loan documentation with USDA-Rural Development.
 2. What type of rate guarantees can the City of Cabot expect and for what term under section (b)(2) of the code?
 3. Can the City of Cabot as a municipality be part of a joint venture with Community Water Service, a non-profit rural water association?
RESPONSE
Your questions are insufficiently detailed to enable me to answer. However, I can and will opine that if Community Water Service is a private, nonprofit corporation, A.C.A. § 14-234-108 will not apply. Beyond this, I can only recommend that the City of Cabot refer its questions to its city attorney, who can doubtless provide answers based on full knowledge of the pertinent facts.
Question 1: What length of contract can the City of Cabot sign withCommunity Water Service? The contract will be used as part of the loandocumentation with USDA-Rural Development.
Section 14-234-108 of the Code (Supp. 2001) provides:
 (a)(1) A city of the first class owning or operating a waterworks system may sell, in its governmental capacity, water at contractual rates to another municipality of this state or to an improvement district created under the laws of this state.
 (2) A municipality of this state or an improvement district created under the laws of this state may purchase, in its governmental capacity, water at contractual rates from a city of the first class of this state and may expend the necessary funds to connect its distribution system with the supply or other mains of the selling municipality.
 (b)(1) The contract between two (2) municipalities of this state for the sale and purchase of water or between a municipality of this state and an improvement district created under the laws of this state for the sale and purchase of water shall be in writing, shall be authorized by ordinances adopted by the respective governing bodies of the contracting municipalities or by ordinance adopted by the governing body of the contracting municipality and by resolution adopted by the board of commissioners of the contracting improvement district, and shall be signed by the mayor of each contracting municipality and by the chairman of the board of each contracting improvement district.
 (2) Unless the Arkansas Soil and Water Conservation Commission is involved in the financing and determines that a different form or length of contract would be best in meeting the long-term water supply needs of the contracting parties, the contract may be for a term not to exceed twenty (20) years and may fix by its terms the rate or rates to be paid for the water for the entire term of the contract or may fix the rate or rates for the first year, two (2) years, or five (5) years, with appropriate provisions for arriving at the rate or rates for each succeeding one-year, two-year, or five-year period.
 (3) The contract may also contain other appropriate provisions which will protect the respective interests of the contracting parties.
Subsection (a)(1) of this statute authorizes a city of the first class — a category that includes the City of Cabot — to sell its water to another municipality or improvement district. Conversely, subsection (a)(2) authorizes a municipality or water district to buy water from a city of the first class. Subsection b(2) limits the term of any such contract for the sale or purchase of water to 20 years unless the Arkansas Soil and Water Conservation Commission is involved in the financing and dictates a different term.
On its face, A.C.A. § 14-234-108 applies only to municipalities and to improvement districts. Although your reference to 26 U.S.C. § 501(c)(12) suggests that Community Water Service is exempt from federal income taxation, it is unclear from your request how Community Water Service is organized. If it is organized as a private, nonprofit corporation it will not qualify as an "improvement district" and the statute recited above will not apply. See A.C.A. § 19-2-502 (defining an improvement district as a "public entity");[1] City of Paris v. Street Improvement DistrictNo. 2, 206 Ark. 926, 929, 175 S.W.2d 199 (1943) (declaring that municipal contributions to an improvement district do not violate the proscription set forth in Ark. Const. art. 12, § 5 against a city contributing to a company, association or corporation). Consequently, I believe the temporal restrictions on contracting set forth at A.C.A. §14-234-108(b)(2) will apply to the anticipated contract only if Community Water Service qualifies as an improvement district.[2]
Given my extremely limited knowledge of the underlying facts, I am unable to opine whether your question might implicate any of the other provisions of the subchapter containing the statute referenced in your request. I advise the City of Cabot to consult with its counsel regarding the possible application of these statutes.
Finally, I am unclear as to what might be the relevance of the fact that the proposed contract "will be used as part of the loan documentation with USDA-Rural Development." Indeed, I am uncertain even which of the proposed parties to the contract would be the seller and which the buyer of the water. Again, under the circumstances, I can offer little more than a suggestion that the City of Cabot consult with its city attorney, who is doubtless well acquainted with the facts.
Question 2: What type of rate guarantees can the City of Cabot expect andfor what term under section (b)(2) of the code?
As suggested above, the question of whether A.C.A. § 14-234-108(b)(2) will apply depends on whether Community Water Service constitutes an improvement district. If it does, the City of Cabot will be subject to the restrictions set forth in the statute. See Lamar, 413 Ark. at 425-26
(voiding the contract of one purchasing city because it recited a 40-year term — 20 years in excess of the maximum dictated in subsection (b)(2)). The city should refer to its local attorney for guidance in this matter.
Question 3: Can the City of Cabot as a municipality be part of a jointventure with Community Water Service, a non-profit rural waterassociation?
I am frankly puzzled by this question, since the proposal described in your request appears to contemplate only a straightforward purchase and sale of water. Without knowing what sort of "joint venture" the city envisions — or, for that matter, what sort of entity Community Water Service is — I do not feel able to offer an opinion on this question.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] Chapter 88 of title 14 of the Code, entitled "Municipal Improvement Districts Generally," sets forth the procedures for establishing an improvement district as a body corporate invested with the power to contract.
[2] In City of Lamar v. City of Clarksville,314 Ark. 413, 863 S.W.2d 805
(1993) — the only appellate case to discuss this statute — the seller of the water was the City of Lamar and the buyers were various cities and "water associations." Without directly addressing the organization of the "associations," the court acknowledged in passing that the contracts with these entities were appropriately authorized by resolution and signed "`by the chairman of the board each contracting improvement district.'"Id. at 423 (quoting the statutory requirement). It appears, then, that the entities were indeed properly organized improvement districts.