Jean Ann JONES *v.* AMERICAN HOME LIFE
INSURANCE COMPANY
NORTH LITTLE ROCK FUNERAL HOME *v.* The
Honorable Lee A. MUNSON, Chancellor

87-85 and 87-145                                738 S.W.2d 387

Supreme Court of Arkansas
Opinion delivered October 19, 1987
[Rehearing denied December 21, 1987.*]

*Rehearing was denied in *North Little Rock Funeral Home* v. *Munson.*

332

*Howell, Price, Basham & Hope, P.A.*, by: *Dale Price* and *Robert J. Price*, for Jean Ann Jones.

*Davidson, Horne & Hollingsworth, A Professional Association*, by: *Allan W. Horne* and *Virginia R. Williams*, for North Little Rock Funeral Home, American Home Life Ins. Co., John Smith, and Ann Powell; and by: *Allan W. Horne* and *Chet Roberts*, for North Little Rock Funeral Home.

JOHN I. PURTLE, Justice. Both the petition for writ of prohibition and the appeal from Pulaski Chancery Court arise from the actions of the city of North Little Rock enacting two separate ordinances closing the same alley connecting 19th and 20th Streets, and parallel to Main and Poplar Streets, in North Little Rock, Arkansas. The same parties are involved in both suits, but different ordinances are the subjects of the respective suits. In the first suit the chancellor declared the first ordinance invalid and also found that the plaintiff (appellant) had not suffered any damage as a result of the actions of the defendants. The city of North Little Rock subsequently enacted a second ordinance, apparently in an effort to remedy the defects of the first one. The plaintiffs filed suit once again, challenging the validity of the second ordinance. The defendants filed a motion to dismiss upon the grounds of res judicata and lack of standing. The chancellor overruled the motion and the defendants then filed a petition for writ of prohibition in this Court.

We first consider the matters raised in the appeal from the decree of the chancellor denying damages and declaring the ordinance invalid. Ordinance #5642, closing the alley between

19th and 20 Streets, was enacted on March 12, 1984. The appellant owns residential property at the south end of the alley, on the east side, adjacent to 19th Street. The complaint was filed on May 3, 1984, and resulted in a final order being rendered on June 17, 1986. The chancellor found that the plaintiff (appellant) was not entitled to damages and that the ordinance was invalid. The plaintiff appeals only from the failure of the trial court to award damages and the defendants (petitioners in the prohibition case) cross-appeal asserting the chancellor erred in finding the ordinance invalid.

The appellant's only argument on direct appeal challenges the chancellor's refusal to award damages for the closing of the alley and the asserted diversion of water onto her property. There was much testimony, including that of expert witnesses, in favor of and against the appellant on the issue of damages. There was testimony from several witnesses that the appellant's property actually benefited from the closing of the alley and the construction by the North Little Rock Funeral Home of the building and parking lot. This testimony indicated that the parking lot was topographically arranged to cause surface water to go into the waste-water drainage system and not onto 19th Street as it had previously done. We do not reverse the findings of fact of the trial court unless the findings are clearly against the preponderance of the evidence. *Black & Black Oil Co.* v. *Guy R. Smith Drilling Co.*, 289 Ark. 487, 712 S.W.2d 901 (1986). Findings of fact by the trial court shall not be set aside unless clearly erroneous. ARCP Rule 52(a). Without going into detail on the testimony, it is sufficient to say that there is ample evidence to support the chancellor's findings that the appellant is not entitled to damages and we therefore affirm the trial court's decision on this issue.

The appellee's argument on cross-appeal challenges the chancellor's finding that Ordinance #5642 was invalid. The question to be considered at this point is whether or not the ordinance was timely contested. Ordinance #5642 was enacted by the North Little Rock Board of Directors on March 12, 1984. If the city government was acting pursuant to Act 17 of 1945 (Ark. Stat. Ann. § 19-3824 et seq. (Repl. 1980)), the statute of limitation runs within thirty days. See Ark. Stat. Ann. § 19-3829. The complaint was filed more than thirty days after enactment of

this ordinance. To determine under what authority the city was proceeding, it is necessary for us to review the relevant facts and statutes.

■ Ark. Stat. Ann. § 19-3824 (Repl. 1980) states: "Cities of first and second class and incorporated towns are hereby given power and authority to vacate public streets and alleys within such cities and towns *under the conditions* and in the manner herein provided." (Emphasis added.) The next section (19-3825) states:

> In all cases where the owner of property within a city or town shall have dedicated, or may hereafter dedicate, a portion of such property to the public use as streets or alleys by platting such property and causing such plat to be filed for record, as provided by law, and any street or alley, or section thereof, shown on the plat so filed shall not have been actually used by the public as a street or alley for a period of five (5) years . . . the city or town council shall have power to vacate and abandon the street or alley, or any portion thereof, by proceeding in the manner hereinafter set forth.

Further, § 19-3827 requires that no street or alley shall be abandoned without the written consent of the owners of all lots abutting on the street or alley.

■ The general powers of cities and towns are set out in Ark. Stat. Ann. § 19-2301 et seq. (Repl. 1980). Pursuant to Ark. Stat. Ann. § 19-2304 additional powers are granted to cities of the first class. The latter statute specifically provides that cities may change or vacate such portions of a street or alley which may not, for the time being, be required for corporate purposes. This section was not repealed by section 19-3824 et seq. *Cernauskas* v. *Fletcher*, 211 Ark. 678, 201 S.W.2d 999 (1947).

This Court considered a legally and factually similar situation in the case of *Stephens* v. *City of Springdale*, 233 Ark. 865, 350 S.W.2d 182 (1961). The attack on the Springdale ordinance was lodged on the 31st day after enactment of the ordinance. The *Springdale* decision held that Act 17 of 1945 could not be the basis for abandoning the street in question because one of the conditions for proceeding under that Act, i.e., that the street had

not been used by the public for 5 years, had not been met. Therefore, this Court concluded that the statute of limitations found in § 19-3829 did not apply.

In the present appeal, the alley had never been platted, filed of record, or dedicated to the city. Moreover, the written consent of the appellant abutter had not been obtained. The city had no authority to close this alley under the provisions of Act 17 of 1945. Therefore, the thirty day statute of limitation is not applicable to this ordinance. Moreover, even if we decided that the thirty day limitation did apply and that the ordinance was valid, the issue is moot because Ordinance #5642 has been repealed by the enactment of Ordinance #5948. See *Morgan* v. *Sparks*, 258 Ark. 273, 523 S.W.2d 926 (1975).

Municipalities are creatures of the legislature and as such have only the power bestowed upon them by statute or the Arkansas Constitution. Clearly the legislature has granted authority to the cities to regulate by ordinance, including the authority to close streets, sidewalks, and alleys, as stated in 19-2304. Obviously, the city was attempting to proceed under Act 17 of 1945 because Ordinance #5642 tracks almost word for word with the suggested ordinance found at § 19-3828. In examining the ordinance in question we have determined that the provisions of Ark. Stat. Ann. § 19-3824 et seq. were not met. Therefore the thirty day limitation does not apply.

We now turn to the petition for writ of prohibition. After the chancellor's final order in the first suit, the city of North Little Rock enacted Ordinance #5948 on June 14, 1986. This subsequent ordinance was enacted pursuant to § 19-2304 in an effort to remedy the defects of the first ordinance, which had been declared invalid by the trial court on June 7, 1986. The second suit was filed on August 14, 1986, and challenged the validity of the second ordinance. The defendants filed a motion to dismiss based upon the grounds of res judicata and lack of standing. The chancellor overruled the motion and defendants sought prohibition in this Court. Petitioners (defendants below) argue that the trial court lacked jurisdiction to proceed in the second suit.

It is true that we held in *Fausett & Company, Inc.* v. *Bogard*, 285 Ark. 124, 685 S.W.2d 153 (1985), that "standing" is a jurisdictional matter. However, we do not interpret the holding in

*Fausett* to apply to the present situation. In *Fausett* the "standing" issue concerned an unincorporated non-profit association which was attempting to enforce certain property rights in the courts of this state. We held the association lacked "standing" because it was not a person or corporation legally in existence at the time. In *Fausett* we also held that a writ of prohibition is proper when the pleadings show that as a matter of law the plaintiff does not possess the requisite "standing" to sue. In this case, the pleadings make no such showing.

■ The complaint in this second action was generally a restatement of the allegations contained in the first complaint. Jones alleged in her complaint that the closed alley and its construction has caused water flow damages to her property and her property to depreciate in value. Whether Jones can show such damages rise to the legal definition of special damages, thereby giving Jones standing, is an issue to be developed at trial. On the question of standing, see *City of Little Rock v. Linn*, 245 Ark. 260, 432 S.W.2d 455 (1968); *McKnight v. Tate*, 222 Ark. 564, 261 S.W.2d 793 (1953); and *Wenderoth v. Baker*, 238 Ark. 464, 382 S.W.2d 578 (1964).

■■ A writ of prohibition is appropriate "to relieve one from the onerous burden of litigation when the trial court is attempting to act wholly without jurisdiction or is threatening or about to act in excess of jurisdiction." *Goodall v. Williams*, 271 Ark. 354, 609 S.W.2d 25 (1980). Any other view would permit the writ of prohibition to be used not to test the issue of jurisdiction but to test the sufficiency of a complaint filed in a court having jurisdiction both of the subject matter and of the person. Under the circumstances of this case, a final judgment is necessary before a party can appeal. See *Farm Bureau Mutual Ins. Co. v. Southall*, 281 Ark. 141, 661 S.W.2d 383 (1983) (wherein the court denied Farm Bureau's petition for writ of prohibition as not the proper remedy for failure of the trial court to grant a motion to dismiss).

The authority for cities to enact ordinances pursuant to Ark. Stat. Ann. § 19-3824 et seq. was considered at length by this Court in *Risser v. City of Little Rock*, 225 Ark. 318, 281 S.W.2d 949 (1955). The city of Little Rock passed an ordinance closing parts of East 10th and East 26th Streets in the city. The ordinance stated that it was enacted pursuant to § 19-3824 et seq. Suit was

filed to enjoin enforcement of the ordinance. The trial court found that the city was not proceeding pursuant to this statute because the streets were still being used by the public. After this ordinance was attacked in court, the city enacted a second ordinance pursuant to § 19-2304. The question before the Court in *Risser* was the validity of the second ordinance.

The *Risser* case is very persuasive in several respects. There was a second ordinance involved and it concerned the same streets as did the first ordinance. The opinion addressed the doctrine of res judicata and pointed out that the doctrine did not apply because the ordinances were entirely different. The Court stated:

> [The second] ordinance was not in effect when the first case was tried. At the time of the first suit, . . . the only issue raised in those pleadings was the validity of [the first] ordinance. Hence, the issue in the first case is not the same as the issue in the case at bar, and the cause is therefore not *res judicata.*

Likewise, we hold that the decision concerning the validity of the first ordinance is not res judicata with respect to the validity of the second ordinance.

We hold that the chancellor's refusal to award damages in the first suit was not clearly erroneous, and that the chancellor's decision that the first ordinance was invalid was correct because the requirements of Act 17 of 1945 were not met. Moreover, since we have concluded that the Pulaski Chancery Court has jurisdiction to proceed with the second suit, the petition for writ of prohibition is denied.

Affirmed on direct and cross appeal.

Petition for writ of prohibition denied.

HAYS, J., not participating.