The Honorable Charlotte T. Schexnayder State Representative P.O. Box C Dumas, Arkansas 71639-0220
Dear Representative Schexnayder:
This is in response to your request for an opinion regarding the following questions:
 1. Whether the city council or mayor of a second class city has authority to appoint a recorder and treasurer?
 2. Whether a second class city has authority to change an elected office to an appointed office?
It is my opinion that the answer to your first question is "no." City recorders and city treasurers in cities of the second class are to be elected by the voters of the city; the statute upon which this determination is based is codified at A.C.A. §14-44-109(a) (1987) and states in pertinent part the following:
 At the time prescribed in this subtitle, the qualified voters of each city of the second class shall elect a city marshal, city recorder, and city treasurer. Each of these officers shall continue in office until his successor is elected and qualified. (Emphasis added).
Pursuant to A.C.A. § 14-44-111 (1987), a city marshal of a city of the second class can either be elected by the voters or appointed by the mayor. Such a provision does not, however, exist for city recorders and city treasurers. Therefore, A.C.A. §14-44-109(a) (1987), as appears above, governs the offices of recorder and treasurer, and that statute specifically provides for the election of those officers. Pursuant to A.C.A. §14-44-115 (1987), a recorder or recorder-treasurer of cities of the second class is to be elected by the voters of the city every four years.
While the mayor and city council of a second class city have no authority to appoint a recorder and treasurer, the city council can combine the offices of city recorder and city treasurer if it deems it to be in the best interest of the city; the statute so providing is codified at A.C.A. § 14-44-114(a) (1987) and reads as follows:
 The city council of any city of the second class in the State of Arkansas, if the council deems it to be in the best interests of the city, and upon passage of an ordinance by a majority vote of the council, may combine the offices of city recorder and city treasurer, thereby authorizing one (1) person to hold this position.
Even under this statute, however, the combined office of recorder-treasurer would still be an elective position in which the voters of the city of the second class would elect one person to the office under A.C.A. § 14-44-109(a) (1987).
Under A.C.A. § 14-44-116 (1987), the only time that the city council may appoint a city recorder is when a vacancy occurs in the recorder's office, and the appointment may be made only to fill the unexpired term. That statute provides in pertinent part the following:
 Whenever a vacancy shall occur in the office of recorder in any city of the second class, at the first regular meeting after the occurrence of the vacancy, the city council shall proceed to elect, by a majority vote of all the aldermen, a recorder to serve for the unexpired term.
In sum, it is my opinion that neither the mayor nor the city council of a city of the second class has the power to appoint a recorder or treasurer; these are elective positions, and the voters of the second class city must elect these officers every four years. The only exception to this rule is that the city council can appoint a recorder for the unexpired term when a vacancy occurs in the recorder's office. The statutes codified at A.C.A. § 14-42-110(a) A.C.A. § 14-43-502(b)(3) (1987) do not compel a different conclusion. In response to your second question, it is my opinion that the answer is "no." Municipalities are creatures of the legislature, and as such, they have only those powers bestowed upon them by statute or by the Constitution. Jones v. American Home Life Ins. Co.,293 Ark. 330, 738 S.W.2d 387 (1987). Under A.C.A. § 14-44-111 (1987), cities of the second class have the power to either appoint or provide for the election of the city marshal; however, there are no statutes which give cities of the second class this option as regards the offices of recorder or treasurer. Therefore, it is my opinion that cities of the second class do not have the power to change an elected office to an appointed office.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh