The Honorable Cliff Hoofman State Representative P.O. Box 1038 North Little Rock, Arkansas 72115
Dear Representative Hoofman:
This is in response to your request for an opinion, on behalf of the City of North Little Rock, concerning a vacancy on the North Little Rock Sewer Committee. In your correspondence, you have set forth the factual basis for this request as follows:
 1. On June 1, 1992, the North Little Rock City Council enacted Ordinance No. 3173, concerning the North Little Rock Sewer Committee which was established pursuant to A.S.A. 19-4101 et seq. The pertinent part of Ordinance No. 3173 is as follows:
 Section 3: That the construction of improvements to the sewer system, the custody, operation and maintenance of the sewer system, and the collection of revenue therefrom for the service rendered thereby shall be handled and supervised by a sewer committee composed of five (5) members. Of the original five (5) members, one shall serve for a term of one (1) year, one for a term of two (2) years, one for a term of three (3) years, one for a term of four (4) years, and one for a term of five (5) years. Each successor member appointed shall serve for a term of five years or until his successor is appointed and qualified. The original committee and their successors shall be designated by a resolution adopted by a two-thirds (2/3) vote of the duly elected and qualified members of the city council. All members shall make and file with the City Clerk, within ten (10) days of their appointment, the oath of office required by law of public officials in the State of Arkansas. The committee shall exercise the powers and perform the duties set forth in Section 2 (Ark. Stats. 19-4102) and Section 3 (Ark. Stats. 19-4103) of Act 132 of 1933.
 2. A.C.A. 14-55-203(b) provides: "[t]o pass any bylaw, ordinance, resolution, or order, a concurrence of a majority of a whole number of members elected to the council shall be required."
 3. The City Council of North Little Rock is composed of eight (8) aldermen and is presided over by Mayor Patrick H. Hays.
 4. On Monday, March 28, 1994, the North Little Rock City Council considered a resolution to fill a vacancy on the North Little Rock Sewer Committee. The vote was five (5) for the resolution, one (1) against the resolution, and two (2) abstentions.
 5. The individual named in the resolution assumed he was appointed and on Tuesday, March 29, 1994, filed his Oath of Office with the North Little Rock City Clerk.
 6. On Friday, April 1, 1994, within the five (5) day period provided by A.C.A. 14-43-504(e)(1)(A), Mayor Patrick H. Hays vetoed the resolution, under the assumption it had passed. [Emphasis in original]
With respect to the facts outlined above, you have asked for an opinion on the following two questions:
 1. Are the provisions of North Little Rock Ordinance No. 3173 requiring six (6) votes for enactment of a resolution concerning appointment to the North Little Rock Sewer Committee effective?
 2. If the mayor vetoes (within the five day period) a resolution appointing an individual to any board or commission, is that appointment void by that veto?
With regard to your first question, it is my opinion that the "two-thirds vote" requirement contained in Ordinance No. 3173 is in all likelihood contrary to state law and thus invalid.
Municipalities are creatures of the legislature and as such have only the powers bestowed upon them by statute or the constitution. Jones v. American Home Life Ins. Co., 293 Ark. 330,738 S.W.2d 387 (1987). The validity of a city ordinance thus depends upon the authority granted by the legislature or constitution. City of Little Rock v. Raines, 241 Ark. 1071,411 S.W.2d 486 (1967). These sources of municipal power must therefore be examined in order to determine whether the "two-thirds vote" requirement contained in the ordinance at issue is consistent with state law and thus valid.
Pursuant to 2 of Act 132 of 1933, codified at A.C.A.14-235-206 (1987), a municipal corporation may establish and appoint a sewer committee to supervise a sewage disposal system, and the committee is to function under the control of the municipality as provided by ordinance or resolution. With respect to sewer committee members, A.C.A. 14-235-206(a) speaks only generally as to their appointment and provides that a city council may remove any member of the committee, with or without cause, and may appoint any substitute members in case of death, removal, or resignation. The statute does, not, however, address the subject of the council votes necessary for such appointments. Due to this fact, it is my opinion that the general requirements regarding the passage of municipal resolutions would govern in this instance. In this regard, A.C.A. 14-55-203(b) (1987), which pertains to municipal ordinances generally, provides that a concurrence of a majority of a whole number of the members of a city council is necessary to pass any resolution. Additionally, A.C.A. 14-42-105(a) (1987) states that all appointments of officers by any council of a municipal corporation shall require the concurrence of a majority of the council members. Thus, as it is my opinion that in the absence of a specific vote requirement for appointments to a municipal sewer committee, the general requirements regarding passage of municipal resolutions govern, the "two-thirds vote" requirement contained in Ordinance No. 3173 appears to be contrary to the state laws on the subject, as set forth above. As such, it is my opinion that the "two-thirds vote" requirement in the aforementioned ordinance is in all likelihood invalid and that a resolution providing for the appointment of members to the North Little Rock Sewer Committee probably requires the vote of only a majority of the members of the North Little Rock City Council (i.e., five affirmative votes).[1]
With regard to your second question, it is my opinion that the answer is "yes," unless the city council has overridden the mayor's veto by a two-thirds vote.
It is my understanding that North Little Rock is a city of the first class. Arkansas Code Annotated 14-43-504(e)(1) (Cum. Supp. 1993) provides the following with respect to the veto powers of a mayor of a first class city:
 (A) A mayor shall have the power to veto, within five (5) days, Sundays excepted, after the action of the city council thereon, any ordinance, resolution, or order adopted or made by the council, or any part thereof, which in his judgment is contrary to the public interests.
 (B)(i) In case of a veto, before the next regular meeting of the council, the mayor shall file in the office of the city clerk, to be laid before that meeting, a written statement of his reasons for so doing.
 (ii) No such ordinance, resolution, or order, or part thereof, vetoed by the mayor shall have any force or validity unless, after the written statement is laid before it, the council shall, by a vote of two-thirds (2/3) of all the aldermen elected thereto, pass it over the veto. [Emphasis added.]
Thus, if a mayor of a first class city vetoes any resolution, including one concerning an appointment to a board or commission, and the city council fails to override the veto by a two-thirds vote, the resolution, and thus the appointment which is the subject of the resolution, would be null and void. Accordingly, as to the specific situation described in your request, if the North Little Rock City Council is unable to override (by two-thirds vote of the council, which in this case would be six (6) votes) the mayor's veto of a resolution regarding the appointment of an individual to the North Little Rock Sewer Committee, that appointment would be void.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] While it is my opinion that the "two-thirds vote" requirement in Ordinance No. 3173 is in all likelihood invalid under state law, this opinion should not be construed to apply to the entire ordinance or indeed to any other portion of the ordinance not in issue here. It has been stated that an ordinance containing separable provisions may be void in part and valid as to the residue if it appears that the city council would have passed the ordinance with the invalid provisions eliminated. Lackey v. Fayetteville Water Co., 80 Ark. 108,96 S.W. 622 (1906). Presumably, that would be the case in this instance.