The Honorable Wayne Wagner State Representative P.O. Box 909 Manila, Arkansas 72442-0909
Dear Representative Wagner:
This opinion is being issued in response to your recent questions regarding retirement benefits for city treasurers.
You have presented a fact situation in which an individual began employment with the city of Manila as a bookkeeper in 1975. In January, 1983, she was appointed to the position of city treasurer, in which position she served until April 1, 1995. She was therefore employed by the city for twenty years, twelve years of which she served as city treasurer. This individual has now requested that the city credit her with fifteen years of service as city treasurer so as to enable her to receive retirement benefits under the provisions of A.C.A. § 24-12-125
(which requires fifteen years of service as city treasurer).
With regard to this fact situation, you have requested that this office answer the following questions:
 (1) Can the Manila city council credit the individual in question with sufficient employment time so as to qualify her for retirement benefits under A.C.A. § 24-12-125?
 (2) If so, can the city council establish a percentage of her service time as city treasurer for pay purposes and then fund for retirement at 50% of the appropriate salary scale?
RESPONSE
Question 1 — Can the Manila city council credit the individual inquestion with sufficient employment time so as to qualify her forretirement benefits under A.C.A. § 24-12-125?
It is my opinion that the Manila city council cannot credit the individual with sufficient employment time so as to qualify her for retirement benefits under A.C.A. § 24-12-125.
Your question appears to acknowledge the clear conclusion that the individual in question cannot receive retirement benefits under the plain language of A.C.A. § 24-12-125, which states:
 (a) Upon approval of the governing body of any city of the first class, any person who has served as city treasurer of the city for a period of fifteen (15) years and who shall retire from office or be succeeded by another city treasurer shall, upon reaching sixty (60) years of age, receive, for the remainder of his life, the retirement pay provided for in this section.
A.C.A. § 24-12-125(a).
This conclusion, however, in and of itself leaves unanswered the question of whether the Manila city council can circumvent the requirements of A.C.A. § 24-12-125 by voting to allow the individual credit for three additional years of service as city treasurer. It is my opinion that the city council cannot do so.
Municipalities are creatures of the state and can exercise only such authority as has been explicitly delegated to them by the state. Jonesv. American Home Life Ins. Co., 293 Ark. 300, 738 S.W.2d 387 (1987);Taggart Taggart Seed Co., Inc. v. City of Augusta, 278 Ark. 570,647 S.W.2d 458 (1983); Op. Att'y Gen. No. 88-341.
Although municipalities have been granted the authority to create retirement plans for city treasurers other than the plan provided under A.C.A. § 24-12-125, the plan that you have described (i.e., a vote to credit the individual with three gratuitous years of service as city treasurer) does not meet the requirements of such alternate plans.[1]
Municipalities are expressly prohibited from otherwise overriding state laws that govern pension systems. See A.C.A. § 14-43-601(a)(1)(F); Op. Att'y Gen. No. 88-341.
I must therefore conclude that the Manila city council does not have the authority to circumvent the fifteen-year requirement of A.C.A. §24-12-125 by voting to credit the individual in question with additional years of service as city treasurer.
Question 2 — If so, can the city council establish a percentage of herservice time as city treasurer for pay purposes and then fund forretirement at 50% of the appropriate salary scale?
Because I have opined that the city council may not credit the individual in question with additional years of service for purposes of A.C.A. §24-12-125, response to this question is unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The procedure under which municipalities can provide for retirement benefits for city treasurers (other than those provided by A.C.A. §24-12-125) is set forth in A.C.A. § 24-12-101 et seq., and requires a majority vote of the general electorate, as well as the establishment of a special retirement fund created by the imposition of a special tax for that purpose.