The Honorable Stephen M. Simon State Representative 13 Bud Chuck Lane Conway, Arkansas 72032
Dear Representative Rorie:
This is in response to your request for an opinion regarding a proposed ordinance for the City of Vilonia concerning the authority of the city council to remove appointed officers. The proposed ordinance provides in part:
 Ordinance to establish the authority of the Vilonia City Council to remove any appointed officer by a two-thirds (2/3) majority vote of the total membership of the council of Vilonia in Faulkner County, State of Arkansas. . . .
 Section 1: The Council shall have the authority to remove any appointed officer as shall be necessary for the good government of the city and for the due exercise of its corporate powers, and which shall have been provided by this ordinance.
It is my understanding that the city council is specifically concerned with the validity of the ordinance in reference to the removal of the chief of police and a city secretary. It is my opinion that state law requires only a majority vote of the city council in order to remove an "appointed officer;" therefore, the "two-thirds majority vote" requirement of the proposed ordinance would in all likelihood be contrary to state law. Thus, the proposed ordinance would be invalid if enacted. It is my further opinion, in any event, that the ordinance has no applicability to the chief of police or "city secretary."
Initially, it is my understanding that Vilonia is a city of the second class operating under the mayor/council form of government. It has been stated that municipalities are creatures of the legislature and as such have only the powers bestowed upon them by statute or the constitution.Jones v. American Home Life Ins. Co., 293 Ark. 330, 738 S.W.2d 387
(1987); Op. Att'y Gen. No. 94-128. Municipal corporations are not authorized to pass any law contrary to the general laws of the state. Ark. Const. art. 12, § 4; Op. Att'y Gen. No. 91-362. The validity of a city ordinance thus depends upon the authority granted by the constitution or the General Assembly. City of Little Rock v. Raines,241 Ark. 1071, 411 S.W.2d 486 (1967); Op. Att'y Gen. No. 94-128. Therefore, these sources of municipal power must be examined in order to determine whether the city council may remove appointed officers in the manner contemplated by the proposed ordinance.
The proposed ordinance authorizes the city council to remove appointedofficers upon a two-thirds majority vote of the total membership of the council. However, A.C.A. § 14-42-109(a)(2) (1987) governs the removal of appointed officers. Op. Att'y Gen. Nos. 94-351, 91-024, 88-110. Section14-42-109(a)(2) provides:
 The council of any city or incorporated town may provide, by proper ordinance, for the removal of any appointive officer upon a majority vote of the council.
Consequently, it is my opinion that an "appointive officer" may be removed upon a majority vote of the council.[1] It is, therefore, also my opinion that the "two-thirds majority vote" requirement in the proposed ordinance is in all likelihood contrary to state law regarding removal of an appointed officer. See Op. Att'y Gen. No. 94-128
("two-thirds vote" requirement of proposed ordinance regarding appointment of members of sewer committee in all likelihood invalid as state law probably requires the vote of only a majority of council members). In sum, state law requires only a majority vote of the city council in order to remove an appointed officer; therefore, the "two-thirds majority vote" requirement of the proposed ordinance is contrary to state law.
Further, it is my opinion that the proposed ordinance would not be applicable to the chief of police or a city secretary because neither of those positions is an appointed office. See note 1, supra. This office has opined that the chief of police is a department head. Op. Att'y Gen. No. 95-195; see also A.C.A. § 14-42-110 (Supp. 1995). Arkansas Code Annotated § 14-42-110 provides in part:
 (a)(1) Mayors in cities of the first class and second class and incorporated towns shall have the power to appoint and remove all department heads, including city and town marshals when an ordinance has been passed making city and town marshals appointed, unless the city or town council shall, by a two-thirds (2/3) majority of the total membership of the council, vote to override the mayor's action.
 (2) Provided, however, that in cities of the first class and second class with civil service commissions, the governing body of the city may, by ordinance, delegate the authority to appoint and remove the heads of the police and fire departments to the city's civil service commission.[2]
In Opinion No. 95-195, this office opined that the mayor generally has the authority to hire and fire the police chief in a city of the second class. Although the city council has the authority to override the mayor's action, this power may only be exercised following action by the mayor. See generally Op. Att'y Gen. Nos. 93-183 and 91-218. In Opinion No. 91-218, which I am enclosing for your review, this office opined that A.C.A. § 14-42-110 does not authorize a city council to act in the first instance, independent of the mayor, to appoint or remove department heads. We specifically concluded that a department head could not be removed by a "two-thirds extraordinary majority of a city council" where the mayor declined to remove the department head.
Finally, it is my understanding that the city secretary in question is a municipal employee rather than an officer or department head, see Op. Att'y Gen. No. 93-268; therefore, the proposed ordinance would not be applicable. Nevertheless, in Opinion No. 93-268, which I am enclosing for your review, this office commented that "in the absence of a statute otherwise providing, the power to discharge a municipal employee ordinarily is possessed by the agency which was empowered to appoint him." 62 C.J.S. Municipal Corporations § 735 (1949). We opined that because there appear to be no statutes governing the firing or removal of municipal employees of a city of the second class, such actions must be governed by the charter and ordinances of the particular city. In accordance, it is my opinion that the procedures for firing a municipal employee may be established by the charter and ordinances of the City of Vilonia, assuming that the city's charter and ordinances are not contrary to state law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] It must, however, be emphasized that an appointed officer is distinct from either a department head or a city employee. Section14-42-109(a)(2) is applicable only to appointed officers. Among those who are generally considered officers for a city of the second class are the city treasurer, city marshal, city recorder, city attorney, mayor, and members of the city council. A.C.A. § 14-42-109 (1987); A.C.A. §14-44-109 (1987); Op. Att'y Gen. No. 88-110.
[2] It is my understanding that the City of Vilonia does not have a civil service commission for its police department.