Ms. Cathyrn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board Post Office Drawer 34164 Little Rock, Arkansas 72203
Dear Ms. Hinshaw:
This is in response to your request, on behalf of Mr. Woodrow Ligon, for an opinion regarding the Camden Police Pension Relief Fund, a "local pension fund." I assume, although it is not clearly stated in your letter, that this is a local police pension and relief fund established under A.C.A. § 24-11-401 et seq. (Repl. 1996). It is my understanding that the City of Camden is using money from its general fund to reimburse retired police officers for one-half of the amount the retiree spends on health insurance coverage. It is also my understanding that the Division of Legislative Audit has determined that, as a result of this payment, retirees are being paid more than is authorized by A.C.A. §§24-11-422—425. According to Mr. Ligon's letter, he questions whether the insurance payment from the City of Camden should be included in calculating the retiree's pension benefit amount, since the payment is made from a source other than the Police Pension Relief Fund.
This office has opined that payments from municipalities' general funds for pension benefits are not lawful expenditures for municipalities. Op. Att'y Gen. No. 96-043 (copy enclosed). Accordingly, it is my opinion that the payment of additional pension benefits to retired police officers out of the City of Camden's general fund is not a lawful expenditure.
Municipalities are creatures of the legislature and as such have only the powers bestowed upon them by statute or the constitution. Jones v.American Home Life Ins. Co., 293 Ark. 330, 738 S.W.2d 387 (1987); Op. Att'y Gen. No. 96-348. Municipal corporations are not authorized to pass any law contrary to the general laws of the state. Ark. Const. art. 12, § 4; Op. Att'y Gen. No. 96-348. The General Assembly has not empowered municipalities to govern police pension systems. Pensions and retirement are exclusively a state affair, and municipalities may not contradict or alter such laws. A.C.A. § 14-43-601(a)(1)(F) (statute delineates municipal affairs for cities of the first class and explicitly excludes "Pension and civil service systems" from the definition of "municipal affairs");[1] A.C.A. § 14-42-306(a); Op. Att'y Gen. Nos. 96-043 and 92-091.
The legislature has enacted specific laws by which police pension systems are to be governed. See A.C.A. §§ 24-11-101—24-11-830 (Repl. 1996). Again, it is my understanding that the police officers in question retired pursuant to the provisions of A.C.A. §§ 24-11-401—433. These laws set forth the starting points for calculating benefits and set forth various means by which benefits may be increased or supplemented. Op. Att'y Gen. No. 96-218; see generally A.C.A. § 24-11-422 and A.C.A. §24-11-432. These laws, however, also set forth limitations upon the amounts that can be received by the retiree. See A.C.A. § 24-11-432. In Opinion No. 96-043, I opined that although the laws governing firemen's pension systems allow municipalities to act locally in connection with firemen's pension plans, the municipality must act within the confines of the provisions of the applicable state laws. I concluded that the use by a municipality of an extraneous means of increasing or supplementing benefits could be viewed as unlawfully altering or conflicting with the state pension laws. Similarly, the laws governing police pension systems authorize, under certain circumstances, the board of trustees who administer the funds to increase the benefits to be paid to retirees.See A.C.A. § 24-111-101 et. seq.; A.C.A. § 24-111-401 et seq.; Op. Att'y Gen. No. 96-218. A municipality is not authorized to increase or supplement benefits with money from the general fund.
In accordance with Opinion No. 96-043, I must conclude that the payment of pension benefits out of a municipality's general fund is not a lawful expenditure by that municipality.[2]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] It is my understanding that the City of Camden is a city of the first class.
[2] Because the information attached to your request indicates that there is a concern regarding health insurance for retirees, I note that Act 1098 of 1997 amends A.C.A. § 24-12-129 to provide: "When any municipal official or municipal employee age fifty-five (55) or over, who has completed twenty (20) years of service to the municipality and who is vested in the retirement system retires, the official or employee may continue to participate in the municipality's health care plan, receiving the same medical benefits and paying the same premium as active employees as long as the retired official or employee pays both employer and employee contributions to the health care plan."