The Honorable Charles R. Fuqua State Representative 3907 Lankford Street Springdale, Arkansas 72762-6552
Dear Representative Fuqua:
This official Attorney General opinion is issued in response to certain questions that you have presented regarding the appointment and removal of fire and police chiefs. You indicate that you are particularly concerned with the operation and effect of the provisions of A.C.A. §14-42-110(a), which state as follows:
14-42-110. Appointment and removal of department heads.
 (a)(1) Mayors in cities of the first class and second class and incorporated towns shall have the power to appoint and remove all department heads, including city and town marshals when an ordinance has been passed making city and town marshals appointed, unless the city or town council shall, by a two-thirds (2/3) majority of the total membership of the council, vote to override the mayor's action.
 (2) Provided, however, that in cities of the first class and second class with civil service commissions, the governing body of the city may, by ordinance, delegate the authority to appoint and remove the heads of the police and fire departments to the city's civil service commission.
A.C.A. § 14-42-110(a). (Section (a)(2), above, was added to the statute in 1995. See Acts 1995, No. 534, § 1, and Acts 1995, No. 914, § 1. Prior to this 1995 amendment, the power to appoint and remove department heads could not be delegated to a civil service commission.)
You further indicate that all of your questions pertain to a city of the first class with a mayor council form of government and a civil service commission.
You have asked:
 (1) May a city pass an ordinance delegating to the civil service comission the authority to appoint a police chief or fire chief, with the requirement that the mayor take the name of the person certified by the civil service commission to the city council for confirmation of the appointment, with the council being able to override such appointment by a two-thirds majority of the total membership of the council?
 (2) Could the council, also pursuant to ordinance, require the fire chief or police chief to serve a six month probationary period, such as allowed other positions in the fire or police departments, then allow the mayor to fire or suspend the fire chief or police chief, but allow an appeal of the mayor's decision to the civil service commission?
 (3) If the response to Question 2 is affirmative, can the city council, pursuant to an ordinance, allow a firing of the fire chief or police chief by the mayor, but require the first appeal to be to the city council, who can override the mayor's decision by a two-thirds majority, but if the decision is not overruled by the council, allow such employee to appeal the decision to the civil service commission?
 (4) Pursuant to A.C.A. § 14-42-110, can a city council, pursuant to ordinance, delegate the authority to the civil service commission to remove the heads of the police and fire departments, but not give the power to appoint, or vice-versa?
 (5) Is it permissible for a city to use a hybrid of the two methods of appointment and removal that are set forth in A.C.A. § 14-42-110(a)(1) and (a)(2), or does the statute contemplate the use of only one or the other of these methods?
RESPONSE
Question 1 — May a city pass an ordinance delegating to the civil servicecommission the authority to appoint a police chief or fire chief, withthe requirement that the mayor take the name of the person certified bythe civil service commission to the city council for confirmation of theappointment, with the council being able to override such appointment by atwo-thirds majority of the total membership of the council?
It is my opinion that a city council may pass an ordinance delegating to the civil service commission the authority to appoint or remove the heads of police and fire departments, but that it may not do so in such a way that allows the city council to override such appointment or removal decisions, nor may it require city council confirmation of such decisions.
Municipalities, being creatures of the state legislature, may, through their city councils, exercise only the powers that have been expressly bestowed upon them by the legislature, and powers that are necessarily implied for purposes of, or are incident to their expressly granted powers. They may also exercise those powers that are indispensable to, not merely convenient to, their objects and purposes. Jones v. American HomeLife Ins. Co., 293 Ark. 330, 738 S.W.2d 387 (1987); City of Little Rockv. Raines, 241 Ark. 1071, 411 S.W.2d 486 (1967).
State law expressly grants city councils the authority to delegate to the civil service commission the authority to appoint and remove the heads of the police and fire departments. See A.C.A. § 14-42-110(a)(2), quoted above. State law does not grant city councils the authority to override the civil service commission's appointment and removal decisions,[1]
nor does it grant city councils the authority to confirm such decisions. Moreover, such action by the city council is not, in my opinion, necessarily implied or incident to the city council's expressed powers, or indispensable to its purposes.
For these reasons, I must conclude that the city council may pass an ordinance delegating to the civil service commission the authority to appoint or remove the heads of police and fire departments, but that it may not do so in such a way as to grant itself the authority to override or confirm such appointment or removal decisions.
Question 2 — Could the council, also pursuant to ordinance, require thefire chief or police chief to serve a six month probationary period, suchas allowed other positions in the fire or police departments, then allowthe mayor to fire or suspend the fire chief or police chief, but allow anappeal of the mayor's decision to the civil service commission?
It is my opinion that an ordinance such as the one described in Question 2 would be contrary to the provisions of A.C.A. § 14-42-110.
If the authority to appoint and remove department heads has not been delegated to the civil service commission pursuant to A.C.A. §14-42-110(a)(2), and remains with the mayor pursuant to A.C.A. §14-42-110(a)(1), such decisions can only be overridden by the city council. The civil service commission is not granted the authority to override a mayor's appointment and removal decisions. An ordinance allowing an appeal of a mayor's appointment or removal decision to the civil service commission, would, in effect, be a grant by the city council of override authority to the civil service commission. Such an ordinance, in my opinion, would be contrary to state law, and therefore would constitute an unauthorized exercise of power by the municipality, as well as an unlawful delegation of the city council's authority. See
Ark. Const., art. 12, § 4; Czech v. Baer, 283 Ark. 457, 677 S.W.2d 833
(1984).
Question 3 — If the response to Question 2 is affirmative, can the citycouncil, pursuant to an ordinance, allow a firing of the fire chief orpolice chief by the mayor, but require the first appeal to be to the citycouncil, who can override the mayor's decision by a two-thirds majority,but if the decision is not overruled by the council, allow such employeeto appeal the decision to the civil service commission?
It is my opinion, for the reasons stated in response to Question 2, that an ordinance such as the one described in Question 3 would be impermissible.
Question 4 — Pursuant to A.C.A. § 14-42-110, can a city council, pursuantto ordinance, delegate the authority to the civil service commission toremove the heads of the police and fire department, but not give thepower to appoint — or vice-versa?
It is my opinion that the city council cannot delegate to the civil service commission the authority to appoint department heads without delegating the authority to remove them, nor can it delegate the authority to remove without the authority to appoint.
I base this conclusion on two grounds.
First, as a general rule, absent any constitutional or statutory limitation thereon, the power to fire is incident to the power to hire.See 63A Am.Jur.2d Public Officers and Employees 221 (1984); 67 C.J.S. Officers and Public Employees 118 (1978); Op. Att'y Gen. No. 93-221. For this reason, any delegation by the city council to the civil service commission of the power to appoint will, by operation of this general rule, automatically carry with it the power to remove.
Second, a delegation of the power to remove, without the power to appoint, would be tantamount to a grant to the civil service commission of the authority to override the mayor's appointment authority. As explained in response to Question 2, only the city council is given the authority to override the mayor's appointment and removal decisions under state law. The city council may not grant such override authority to the civil service commission.
For these reasons, I must conclude that the city council may not pass an ordinance either delegating the power to appoint without delegating the power to remove, or delegating the power to remove without delegating the power to appoint.
Question 5 — Is it permissible for a city to use a hybrid of the twomethods of appointment and removal that are set forth in A.C.A. §14-42-110(a)(1) and (a)(2), or does the statute contemplate the use ofonly one or the other of these methods?
It is my opinion that it is not permissible for a city to use a hybrid of the two methods of appointment and removal that are set forth in A.C.A. § 14-42-110(a)(1) and (a)(2).
The method that is set forth in A.C.A. § 14-42-110(a)(2), allowing delegation of appointment and removal power to the civil service commission, appears to have been added as a separate alternative to the already existing method of (a)(1). It does not appear that the legislature intended that the two methods be combined.
Because of these inherent problems with any attempt to combine the appointment and removal methods of A.C.A. § 14-42-119(a)(1) and (a)(2), I must conclude that the two methods were intended to be implemented separately, rather than in combination.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] In contrast, state law does grant city councils the authority to override the mayor's decisions to appoint and remove municipal department heads. See A.C.A. § 14-42-110.