The Honorable Jay Bradford State Representative P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Representative Bradford:
You have presented the following questions for my opinion:
 (1) Can a city police department collect a fee for service of criminal summons and subpoenas issued by a prosecutor in criminal and traffic cases? Can this fee be assessed to the defendant upon conviction?
 (2) Can a city require all property owners who are non-residents of the city to have a local agent for service of notices from the city code enforcement department? Can a penalty be assessed for property owners who do not comply? Can this penalty be placed as a lien on the property? If an agent cannot be required for persons living outside the city limits, can it be required for out-of-state property owners? Can the local agent be cited for failure to comply with the notices?
RESPONSE
Question 1 — Can a city police department collect a fee for service ofcriminal summons and subpoenas issued by a prosecutor in criminal andtraffic cases? Can this fee be assessed to the defendant uponconviction?
It is my opinion that a city police department can collect a fee for service of criminal summons and subpoenas issued by a prosecutor in criminal and traffic cases. It is my opinion further that this fee can be assessed to the defendant upon conviction.
The authority for city police departments to collect this fee arises out of A.C.A. § 21-6-502, which states:
 For issuing a subpoena or warrant of arrest and for summoning or arresting the witnesses, officers shall be allowed the same fees as are allowed to clerks and sheriffs for similar services.
A.C.A. § 21-6-502.
I have previously interpreted the term "officers," as used in the above quoted statute, to include a reference to city police officers, because in ordinary usage, which must be consulted in the interpretation of statutory language, see Ark. Soil, Water Conserv. v. City ofBentonville, 351 Ark. 289, 92 S.W.3d 47 (2002), city police officers are "officers" other than sheriffs who serve subpoenas and summons. See Op. Att'y Gen. No. 2003-187, citing Op. Att'y Gen. No. 2000-303. I continue to hold this view. Under A.C.A. § 21-6-307, sheriffs are authorized to charge a fee of $30.00 for serving subpoenas and summons.[1]
Therefore, under A.C.A. § 21-6-502, city police officers may collect the same fee.
This fee may be assessed against the defendant under the authority of A.C.A. § 16-90-113, which states:
 (a) In judgments against the defendant, a judgment for costs, in addition to the other punishment, shall be rendered. This judgment shall be taxed by the clerk and shall be for the benefit of the officers rendering the service.
A.C.A. § 16-90-113(a). Because these costs must be included in the entry of judgment, it is impermissible for officers to charge such costs prior to judgment. See Ops. Att'y Gen. Nos. 2003-187; 2000-303; 97-362; 97-300, 89-241, 89-208.
Question 2 — Can a city require all property owners who are non-residentsof the city to have a local agent for service of notices from the citycode enforcement department? Can a penalty be assessed for propertyowners who do not comply? Can this penalty be placed as a lien on theproperty? If an agent cannot be required for persons living outside thecity limits, can it be required for out-of-state property owners? Can thelocal agent be cited for failure to comply with the notices?
It is my opinion that a city can require all non-resident property owners to designate a local agent for service of notices and other process. It is my opinion further that the city can assess a penalty for violations and place a lien on the property.
One of my predecessors addressed a question very much like your first question above. In explaining his view that a requirement of this nature was permissible, he stated:
 Although it is true that municipalities are creations of the legislature and, as such, may exercise only the powers that are bestowed upon them by statute or by the Arkansas Constitution, Phillips v. Town of Oak Grove, Ark. S. Ct. Case No. 97-898 (May 7, 1998); Jones v. American Home Life Insurance Co., 293 Ark. 330, 738 S.W.2d 387
(1987), they may also exercise powers that are necessarily implied by or incident to their express powers, or powers that are indispensable to the accomplishment of the declared purposes of the municipal corporation. Id.; City of Little Rock v. Raines, 241 Ark. 1071, 411 S.W.2d 486 (1967); Portis v. Bd. of Public Utilities, 213 Ark. 201, 209 S.W.2d 864 (1948).
 Cities of the first and second class have been granted express authority to exercise all powers relating to "municipal affairs." A.C.A. § 14-42-307. The authority of first-class cities to do so is further expressed in A.C.A. § 14-42-601 through -611. The term "municipal affairs" is defined for purposes of those statutes as "all matters and affairs of government germane to, affecting, or concerning the municipality or its government," except certain specifically identified state affairs. A.C.A. § 14-42-601. Moreover, all cities have been given express authority to enact environmental, safety, fire, building, electrical, zoning, and other codes. See, e.g., A.C.A. §§ 14-54-103; 14-54-104; 14-54-601; 15-54-604; 14-54-901; 14-56-201; 14-56-202; 14-56-301. It is my opinion that the city has the power, under both the case law and the statutes cited above, to enact ordinances that set forth a means and procedure for enforcing those codes, including a method of providing notice to property owners of legal action taken by the city to enforce them. The power to enact such an ordinance is, in my opinion, implied by and incident to the express authorities that have been granted to cities.
Op. Att'y Gen. No. 98-140.
I concur fully with the above analysis. Accord, Op. Att'y Gen. No.2002-264.[2]
I therefore conclude that cities can require all non-resident property owners to designate a local agent for service of notices and other process. Moreover, I believe that this analysis fully supports the conclusion that cities have authority to assess a penalty for violations of this requirement and may place a lien on the property for enforcement purposes.
It should be noted that in formulating and enforcing these requirements, cities must do so in a manner that is consistent with all state and federal law.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] I have previously adopted my predecessor's view that the fees that are authorized by A.C.A. § 21-6-502 (through A.C.A. § 21-6-307) are court costs that are "specifically provided by state law" within the meaning of A.C.A. § 16-10-305(d), and are therefore not prohibited by that provision. See Ops. Att'y Gen. Nos. 2003-187; 2000-303.
[2] My predecessor opined in Opinion No. 98-140 that cities have the authority under current law to enact such requirements. I also note that in the 1997 and 1999 legislative sessions, the General Assembly failed to pass two proposed measures that would have affirmatively authorized cities to do so. See Senate Bill 146 of 1997 and Senate Bill 958 of 1999.