ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 1, 2010

The Honorable Chuck Hopson
Chair, Committee on General Investigating
   and Ethics
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0826

Re: Whether a member of the city council of Texarkana, Texas, may simultaneously serve as a paid municipal fire fighter in Texarkana, Arkansas (RQ-0892-GA)

Dear Representative Hopson:

You ask whether a member of the city council of Texarkana, Texas, may simultaneously serve as a paid municipal fire fighter in Texarkana, Arkansas.[1] You inform us that Texarkana, Arkansas has several ordinances which, in general, are intended to achieve base pay parity between Texarkana, Arkansas, and Texarkana, Texas fire fighters. Request Letter at 1–2. A concern has been expressed that, because of these ordinances, a Texarkana, Texas city council member's vote on the salaries of its fire fighters might affect the salaries of Texarkana, Arkansas fire fighters. *Id.* at 2.

You ask specifically whether a person may hold both positions in light of the statutory conflict of interest provisions in chapter 171 of the Local Government Code and the self-employment aspect of the Texas common-law incompatibility doctrine. *Id.* at 1–2. Determining whether these legal principles apply to a person holding positions with municipalities in different states raises issues of first impression which, in part, may depend on the particular facts concerning the positions. However, while you have not elaborated about the position of the Texarkana, Arkansas fire fighter, we will address applicable legal principles in general terms.

You first ask that we address the applicability of the conflict of interest provisions in chapter 171 of the Local Government Code, but only if we conclude that Texarkana, Arkansas, is a "business entity" under that chapter. Request Letter at 2. The chapter concerns a local public official's conflicts of interest in various circumstances, particularly when the official "has a substantial interest in a business entity." TEX. LOC. GOV'T CODE ANN. § 171.004(a) (West 2008). This office has determined that a city is not a "business entity" under the chapter because it is a public entity, not a private entity, and a city's purpose is not to produce financial benefits for private persons. *See* Tex. Att'y Gen. Op. No. DM-267 (1993) at 2 (citing section 171.001(2) of the Local Government Code)

[1]*See* Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

(defining "business entity" for purpose of the chapter); *cf.* Tex. Att'y Gen. Op. No. GA-0031 (2003) at 2 (determining for similar reasons that a school district is not a "business entity" under chapter 171). While Texas Attorney General Opinion DM-267 specifically concerned a Texas city, you have not provided any information that would indicate that the status of an Arkansas city would be different. *Cf. Jones v. Am. Home Life Ins. Co.,* 738 S.W.2d 387, 389 (Ark. 1987) (stating that Arkansas "[m]unicipalities are creatures of the legislature and as such have only the power bestowed upon them by statute or the Arkansas Constitution"). Because it does not appear that an Arkansas city is a "business entity" under chapter 171 of the Local Government Code, we do not consider the chapter further.

Next, we consider the common-law doctrine of incompatibility, which has three aspects—self-appointment, self-employment, and conflicting loyalties incompatibility. *See* Tex. Att'y Gen. Op. No. GA-0786 (2010) at 1. You ask only about self-employment incompatibility. The self-employment aspect of the doctrine prohibits a person from holding both an office and an employment that the office supervises. Tex. Att'y Gen. Op. No. GA-0738 (2009) at 2. As we recently observed, "[t]he fundamental consideration under the self-employment aspect is the supervision of the subordinate employment by the office." *Id.; see also* Tex. Att'y Gen. Op. No. GA-0536 (2007) at 4 (stating that "the key aspect of self-employment incompatibility is *supervision*"); Tex. Att'y Gen. LO-97-034, at 1 (self-employment incompatibility precludes a city commissioner from serving in the same city's fire department because the commissioner "is in the direct chain of supervision over a member of the fire department"). While you inform us about the potential effects of Arkansas municipal pay-parity ordinances, how Texarkana, Arkansas compensates its employees is a matter for that city to decide. You do not suggest that the Texas city council supervises employees of the Arkansas municipal fire department. As a general principle, the self-employment aspect of the Texas common-law doctrine of incompatibility does not apply to preclude a person from serving simultaneously in two positions when neither position directly or ultimately supervises the other. *See, e.g.,* Tex. Att'y Gen. Op. Nos. GA-0786 (2010) at 2 (self-employment incompatibility inapplicable to positions of special utility district board member and college trustee), GA-0766 (2010) at 1 (self-employment incompatibility inapplicable to positions of school district trustee and city manager), GA-0688 (2009) at 1 (self-employment incompatibility inapplicable to positions of independent school district police chief and city council member).

## S U M M A R Y

Generally, a municipality is not a "business entity" for purposes of the conflict of interest provisions of chapter 171 of the Texas Local Government Code. The self-employment aspect of the Texas common-law incompatibility doctrine does not apply to preclude a person from serving simultaneously in two positions when neither position supervises the other.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee