The Honorable Jerry Taylor State Senator
6203 Ridgewood Drive Pine Bluff, Arkansas 71603-7738
Dear Senator Taylor:
I am writing in response to your request for my opinion on the following question:
 Does Pine Bluff Ord. No. 5721 of 1997, requiring the mayor to submit his reasons for a veto to the city clerk in time to be distributed to council members the week preceding the next regular meeting after the veto, conflict with provisions of A.C.A. 14-43-504, which permits a mayor to submit his reasons for a veto to the city council at any time before the next regular council meeting, or is this a permissible exercise of local authority?
You further report in your recitation of background facts that "[u]nder another provision of the Pine Bluff city code there is a deadline of 12 noon on the Wednesday preceding the regular council meeting for submission of items (including the mayor's reasons for a veto) to be considered at the meeting, which occurs on the following Monday.
RESPONSE
In my opinion, the ordinance conflicts with state law and is consequently unenforceable. *Page 2 
The ordinance attached to your request provides as follows:
 (a) The City Clerk of the City of Pine Bluff shall distribute to each member of the city council a copy of each written statement of reasons for a veto filed by the Mayor of the City of Pine Bluff with the city clerk. Distribution shall be by U.S. mail or hand delivery and shall be performed no later than the next business day after the written statement is filed in the clerk's office.
 (b) Supplementary to paragraph (a), the mayor's office shall include in each mailing of ordinances and other materials sent council members in the week preceding the next scheduled council meeting, a copy of each written statement of reasons for a veto which shall have been filed by the Mayor of the City of Pine Bluff with the city clerk in accordance with A.C.A. Section 14-43-504.
The referenced 14-43-504 (Supp. 2009) provides as follows regarding the mayor's veto power:
 (e) The mayor of any city of the first class shall, in addition to the powers and duties already pertaining to that office, be clothed with, and exercise and perform, the following:
 (1) A mayor may veto, within five (5) days, Sundays excepted, after the action of the city council thereon, any ordinance, resolution, or order adopted or made by the council, or any part thereof, which in his or her judgment is contrary to the public interest.
 (2)(A) In case of a veto, before the next regular meeting of the council, the mayor shall file in the office of the city clerk, to be laid before that meeting, a written statement of his or her reasons for so doing.
 (B) An ordinance, an order, or a resolution or part thereof, vetoed by the mayor is invalid unless, after the written statement is laid before *Page 3 
it, the council, by a vote of two-thirds (2/3) of all the aldermen elected thereto, passes it over the veto.
 (3) The mayor does not have the power of veto in circumstances prescribed under § 14-43-501(a) or § 14-43-411(a).[1]
(Emphasis added.)
In the present case, the Pine Bluff City Council has reportedly enacted an ordinance attempting to expand the obligations imposed upon the mayor in the passage highlighted above. The statute requires only that the mayor, after duly vetoing an ordinance, resolution or order adopted by the city council, file with the city clerk a written statement of reasons for the veto. The statute is unequivocal in requiring that this filing occur before the next regularly scheduled meeting of the city council, with the filing "to be laid before that meeting." The council may then or thereafter override the veto by a 2/3 majority vote.[2]
The ordinance at issue imposes several additional procedural conditions upon a mayor's exercise of veto power. First, it requires the mayor to do more than simply file a written statement of reasons for the veto; days before the date of the regular meeting, it requires him or her, through the mayor's office, to provide each member of the council, either by mail or through personal service, with a copy of the filed statement of reasons in support of the veto. Secondly, as a necessary consequence of this first additional requirement, it advances the time period by which the mayor must act. There is a difference between acting in time for the statement "to be laid before that meeting" and acting in time for each member to be provided the statement by mail or personal service by the Wednesday preceding the Monday city-council meeting. *Page 4 
In my opinion, given that the legislature has clearly delineated the mayor's procedural obligations following a veto, it is equally clear that the city council cannot burden the mayor beyond these statutory obligations.[3] Simply stated, a mayor is obliged to observe only the statutory procedural formalities, [4] which cannot be enhanced by city ordinance. As one of my predecessors has noted:
 Municipalities are creatures of the legislature and as such have only the powers bestowed upon them by statute or the constitution. Jones v. American Home Life Ins. Co., 293 Ark. 330, 738 S.W.2d 387 (1987). The validity of a city ordinance thus depends upon the authority granted by the legislature or constitution. City of Little Rock v. Raines, 241 Ark. 1071, 411 S.W.2d 486 (1967).[5]
In the present case, the legislature has unambiguously stated what a mayor is obliged to do following a veto. A city council cannot by ordinance enhance that obligation.
Specifically with respect to the statute at issue, I have previously offered the following conclusion:
 The . . . statutory language is unambiguous and therefore must be interpreted just as it reads. E.g., Leathers v. Cotton, 332 Ark. 49, 961 S.W.2d 49 (1998). According to the statute, the mayor must 1) file with the city clerk, before the next regular council meeting, a written statement of his reasons for the veto and 2) present the statement to the council at that meeting. See also Op. Att'y Gen. Nos. 99-077 and 97-343 (addressing several questions related to the city council's authority to override a veto).[6] *Page 5 
Buttressing my conclusion, I invoked the following reading of the statute at issue offered by one of my predecessors:
 [T]he law requires the override to take place after a mayor's statement of reasons for the veto are presented to the council, and that presentation is required to take place at the next regular meeting of the council.[7]
Accordingly, in my opinion the ordinance conflicts with state law and is unenforceable to the extent of the conflict.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The former referenced statute authorizes elected aldermen to organize and assemble the city council at the first council meeting in January. The second referenced statute expressly denies the mayor veto power over the city council's filling of a vacancy on the council in a city of the first class having a population of less than 20,000.
[2] In Op. Att'y Gen. No. 97-343, this office opined that the statute does not obligate the council necessarily to conduct its override vote during the meeting in which it is presented with the filed statement of reasons supporting the veto. Based upon my predecessor's thorough review of the law in this and other jurisdictions, I concur in the conclusion that the council need only act "within a reasonable time period."
[3] See Ark. Const. art. 12, § 4 ("No municipal corporation shall be authorized to pass any laws contrary to the general laws of the state . . .").
[4] See Op. Att'y Gen. No. 2009-144 ("[A]ssuming the mayor failed to observe the formalities required for a veto under A.C.A. § 14-43-504(e), then the veto likely failed. . . .").
[5] Op. Att'y Gen. No. 2000-319 (emphasis added).
[6] Op. Att'y Gen. No. 2009-144 (emphasis added).
[7] Op. Att'y Gen. No. 97-077 (emphasis added).
In Op. Att'y Gen. No. 97-343, this office opined that the statute does not obligate the council necessarily to conduct its override vote during the meeting in which it is presented with the filed statement of reasons supporting the veto. Based upon my predecessor's thorough review of the law in this and other jurisdictions, I concur in the conclusion that the council need only act "within a reasonable time period." *Page 1